Robert J. Thorne v. J. S. Moore et al.

No. 1770. Decided December 11, 1907.

**1.—Mandamus—Power to Issue in Vacation.**

The power to issue the writ of mandamus is given by the Constitution (art. 5, sec. 8) to the District Court "and the judges thereof," and this empowers the district judge to issue the peremptory writ in vacation. (P. 208.)

**2.—Same—Alternative or Peremptory Writ.**

The power to issue the peremptory writ is granted to the courts and to the judges thereof by the same words; and the extent and limitations of the power, not being defined by the Constitution, are assumed by it as settled by the existing principles of law. The power granted the judge in vacation is not limited to issuance of the alternative writ, which has no real place in our procedure, where the peremptory writ is issued on hearing after notice. (Pp. 208–210.)

**3.—Mandamus—Jury Trial.**

The fact that no provision is made by our law for trial of questions of

fact in vacation does not affect the construction of the Constitution nor negative the power, since the judge in vacation could still act, as the Supreme Court does, in cases where the facts were admitted and only questions of law were presented, and it is within the power of the Legislature to provide for trial of questions of fact in vacation.  (P. 210.)

**4.—Mandamus—Right of Appeal.**

The fact that no right of appeal from orders of the judge in vacation exists, does not negative his power to so act, such right of appeal not being given by the Constitution, but left to the regulation of the Legislature.  (P. 210.)

**5.—Mandamus—Ministerial Act—Declaring Result of Election—Local Option.**

The county judge is required by law to publish the result of a local option election, and this, being a ministerial duty, he could be required to perform by peremptory mandamus issued by the district judge in vacation, though he had agreed with certain parties to postpone such publication to a future date on their abandonment of their intention to contest the election.  (P. 211.)

Original application by Thorne to the Supreme Court for writ of mandamus requiring the district judge to vacate peremptory mandamus issued by him in vacation, commanding the county judge of Leon County to make publication of the result of a local option election.

*Weeks & Whitley* and *N. B. Morris,* for relator.—This is a civil case and should be treated as such.  Griffin v. Wakelee, 42 Texas, 513.

The district judge has no right to hear and determine such writ in vacation, but should make it returnable to the next term of his court.  Murphy v. Wentworth, 36 Texas, 147.  This case is quoted with approval in Fisher v. Mayor, 17 W. Va., 636, and in the case of Shepard v. Hubbard City, 42 S. W. Rep., 862.

That we are entitled to a jury is a fundamental principle, reserved in the Bill of Rights.  See Bill of Rights, section 15.

The District Court, and not the district judge, has jurisdiction to try civil cases.  Rev. Stats., art. 1099.  No provision has been made for a district judge in vacation to try and determine an application calling for nothing but a writ of mandamus.  In order to authorize a writ of mandamus against the county judge, there must be a positive refusal on his part to obey the law in a ministerial way. A reasonable delay in so doing is not a refusal.  In support of this we beg to cite the court to the case of Luckey v. Short, 1 Texas, Civ. App., 7.

In the 19 Am. & Eng. Enc. of Law, (2nd ed.), 762, it is stated as an elementary principle of law that a reasonable delay in the exercise of a ministerial act does not amount to such a refusal to act as would justify a writ of mandamus.

In the event the court tries this case and renders judgment against us, we say that the defendants are entitled to appeal.  In support of this we beg to cite Griffin v. Wakelee, 42 Texas, 513.; Churchill v. Martin, 65 Texas, 367.

Article 996 R. S. provides that the appellate jurisdiction of the Court of Civil Appeals shall extend to civil cases within their respective districts of which the District Courts have original or appellate jurisdiction.

*B. D. Dashiell* and *Thos. B. Greenwood,* for respondents.—Mandamus will not lie to control the judicial discretion of the district judge. State v. Morris, 86 Texas, 226; Ewing v. Cohen, 63 Texas, 482; Little v. Morris, 10 Texas, 263; Sansom v. Mercer, 68 Texas, 492.

It will be observed that the constitutional power of the district judge to issue the writ of habeas corpus and to issue the writ of injunction is derived from the same language as is used to confer the power to issue the writ of mandamus. Ex parte Angus, 28 Texas Crim. App., 296. See also Ex parte Strong, 34 Texas Crim. App., 310. All doubt upon this point is removed by the decision of this court in the case of the county of Anderson v. Kennedy, 58 Texas, 616; Callaghan v. Tobin, 90 S. W., 333.

In Day v. Chambers, 62 Texas, 191, we find it said that "a general authority is given by the Constitution, article 5, section 8, to the District Courts and to the judges thereof to issue the writs of mandamus, injunction, and certiorari, and a further power is superadded to issue all writs necessary to enforce their jurisdiction. This was fully settled, as to the writs of injunction, by the case of Anderson County v. Kennedy, 58 Texas, 616. See also Haby v. Koenig, 4 Texas Law Rev., 118. And in the case of Day v. Vincenheller (decided at the last Galveston term but not reported) a similar decision was made concerning the jurisdiction of the court in cases of mandamus."

While it is now settled law in Texas, first, that local option could not become operative until the order declaring the result of the election was published for four full weeks (Arts. 3391, 3396, Batts' Texas Civil Stautes; Chenowith v. State, 50 Texas Crim. Rep., 238; Phillips v. State, 23 Texas Crim. App., 304); second, that it was the mandatory duty of the county judge, involving no discretion, to immediately cause the order of the Commissioners' Court to be published (Art. 3391, Batts' Texas Civil Statutes, Drechsel .v. State, 35 Texas Crim. Rep., 580; Carnes v. State, 50 Texas Crim. Rep., 282); and, third, that any voter had the clear legal right to maintain an action for mandamus to enforce the performance of this duty (Adams v. Kelley, 17 Texas Civ. App., 484; Kimberly v. Morris, 87 Texas, 637); yet, no other judicial power than that of the district judge, in vacation, can be found to enforce the voter's right and to compel the observance of the officer's obligation.

Mr. Justice Williams delivered the opinion of the court.

This is an original application to this court for a writ of mandamus to compel the Hon. Gordon Boone, judge of the 12th Judicial District, to vacate an order made by him at Chambers, in Madison County, on the 6th day of November, 1907, awarding a peremptory mandamus to relator, as county judge of Leon County, requiring him to make the statutory publication of the result of a local option election held in the town of Oakwoods in Leon County on the 23d day of September, 1907. The respondents, besides Judge Boone, are the persons on whose application the mandamus was awarded by him.

The principal ground on which the application to this court is based is that the district judge had no power to award a peremptory mandamus in vacation. It is made to appear that the election was held at the time stated; that when the Commissioner's Court met on October 4, 1907, to determine the result, certain persons appeared contending that the election was void and announcing their intention to contest its validity; that an agreement was made between such persons and the commissioners that, while the result would be declared, the county judge, in order to give persons engaged in the liquor business time to dispose of stocks on hand before the law should be put into effect, should delay the publication until November 29, and that in consideration of the delay no contest would be made; that thereupon the respondents herein other than Judge Boone, applied to him in chambers, for a mandamus to compel the county judge to make the publication at once, alleging the facts of the election, the declaration of its result and refusal of the county judge to make publication; that notice of the application was ordered to issue to the county judge and was issued citing him to appear before the district judge in Madison County on the 5th day of November, 1907, and show cause why the mandamus prayed for should not issue; that the relator appeared and answered, raising the objection now urged to the granting of the mandamus in vacation, and setting up the reasons stated for his delay in publishing notice of the result of the election; that upon a hearing the district judge granted the peremptory writ as stated. It also appears that relator claimed the right of trial by jury which was denied, and asked that the amount of a bond for appeal be fixed, which was also denied by the district judge on the ground that no appeal lay. It further appears that relator made application to the Court of Civil Appeals for the First District for a writ to compel the district judge to fix the amount of a bond and allow his appeal, which that court refused to do on the ground that no appeal lay from such an order in vacation.

Section 8 of Article V of the Constitution, which defines the power and jurisdiction of the District Court and of the judges thereof, provides: "And said court and the judges thereof shall have power to issue writs of *habeas corpus, mandamus,* injunction, and *certiorari,* and all writs necessary to enforce their jurisdiction."

This provision has been construed as giving the substantive power to issue the writs named in all cases when courts of law or equity under settled rules, would have the power to issue them, whether they be necessary to enforce some jurisdiction given by the other provisions or not. This provision is, in itself, a grant of distinct jurisdiction and powers which do not depend upon the other provisions defining classes of cases or amounts in controversy over which also jurisdiction is given. (County of Anderson v. Kennedy, 58 Texas, 616.)

The well settled construction of such a phrase as "said court and the judges thereof" is that it means the court when in session, and the judges acting in vacation. The language therefore equally empowers the court, when in session, and the judge, when the court is not in session, to issue the writs. The power is conferred upon the judge in the same language that confers it upon the court. Unques-

tionably the court has power to issue the peremptory mandamus. How, then, can the same words that grant it to the court be held not to have granted it to the judge?

What these writs are and in what characters of actions and under what circumstances they may be used the Constitution does not say. It assumes, which is true, that their scope and operation, the rights they may be used to protect, or the wrongs they may be used to prevent, or redress, are settled and defined by the already existing principles of law, and vests the power to employ them in accordance with those principles in the courts and judges. The provision must therefore be construed and applied in connection with the rules of law by which the use of the writs must be controlled.

Upon this idea it may be argued that the power given to the judges was that to issue the alternative writ of *mandamus,* while the power to issue the peremptory writ was that vested in the court itself. The Constitution suggests no such distinction, but if, by reference to the law existing when it was adopted, we could see that such a difference had always been clearly made in this State and that power in the judges to issue an alternative writ would possess some real efficacy, would give some substantial force to the provision quoted, we might find some strength in the position. There has been a terminology, brought into this State from that employed elsewhere, which recognizes two writs of *mandamus,* the alternative and the peremptory, or absolute. But the alternative writ has no such real place in our procedure as it has elsewhere. With us all that need precede the final writ is a notice, whatever it may be called, sufficient to give opportunity for the hearing. (Griffin v. Wakelee, 42 Texas, 513; Houston v. Emery, 76 Texas, 282, Id., 321; Bradley v. McCrabb, Dallam, 508-9.)

In the first case Judge Moore points out the difference between the writ of *mandamus* and the procedure necessary to secure it, as they obtain in this State, and the common law writ from which ours takes its name, and says: "The relief sought to be effected through its aid is asked, as in any other case, by a petition alleging the facts by virtue of which it is claimed, with a prayer for such judgment as the facts warrant. The defendant is served and required to answer as in any other suit, and the case proceeds to trial and judgment as any other action, and there is no distinguishable difference in principle in the course of proceeding and result attained in it and any other suit in the District Court. When the judgment is rendered by the court, unless superseded or suspended by writ of error or appeal, it is carried into effect by the appropriate writ for this purpose, termed in the statute a writ of *mandamus,* from analogy, no doubt, drawn from the nature of the matters complained of in the petition, to cases in which relief is granted by this writ at common law. Plainly, then, unless we discard principles, and are controlled merely by names, it must be treated and regarded as a judicial writ, based upon and issuing by virtue of, and to carry into effect, a judgment of the District Court. And so it has been in effect held by the Supreme Court of the United States.

With this definition of the writ and the procedure incident to it before them, the framers of the Constitution empowered, not only the District Courts, but the district judges, to issue it. It is apparent from this that no power but that to issue the absolute writ would be of any efficacy in the hands of the district judge, since that which was formerly called the alternative had been superseded by a mere notice to show cause or to answer. The power given by the Constitution to the judge to issue a *mandamus* can not be frittered away by holding it to be a mere power to issue a notice which the clerk can issue as well as he. In the two cases in the 76th Texas, an ordinary citation was held to be sufficient.

But it is said that the existence of such a power in the district judges would not consist with the right of trial by jury preserved in the bill of rights. The right of trial by jury exists only with respect to disputed questions of fact. It could not be said to exist in all cases of *mandamus,* many of which, as does this one, depend upon pure questions of law arising upon admitted facts. Therefore this right, given its broadest scope, does not conflict with the existence of the power in question. If it be conceded for the purposes of this case that a respondent is entitled to a jury trial whenever, in such a case, a disputed question of fact essential to its decision arises, and that the judge can not lawfully provide such a trial in vacation, the only consequence would be that the judge could not then grant the writ because of the constitutional right thus arising as an impediment. It would also be true that the court, if in session, could not in such a case grant the writ until the facts essential to its issuance had been found by a jury. This court can not issue the writ when the facts essential to the applicant's right are in dispute, but it, nevertheless, has the unquestioned power when the facts are admitted. The right of trial by jury, therefore, does not negative the existence of the power in question. The contention that it does would make one provision destroy another in the same Constitution. If it is true that, as the statutes now stand, the judge in vacation can not provide for the trial of issues of fact in such cases, it is not true by reason of any provision in the Constitution, the Legislature, so far as we can now see, having full power to make provision for the case. The argument therefore loses its force as affecting the construction of the Constitution.

The same line of reasoning disposes of the argument that the power can not be held to exist because no provision for an appeal from such orders has been made. The Constitution leaves the regulation of appeals very largely to the Legislature. It does not, itself, pretend to give appeals from all the orders of the judges or the courts. The fact that the Legislature may not have provided for appeals from orders made in the exercise of a power given by the Constitution can in no manner negative the existence of the power.

The power lodged with the district judge is not an arbitrary one. He is the same officer that exercises the power when presiding over the court, and acts judicially, after a hearing, in the same manner in which the court acts.

Nor was the power unknown to our judicial system before the adop-

tion of the present Constitution. The Acts of May 11 and 12, 1846, conferred it upon the judges of both the Supreme and District Courts. (Hartley's Dig., arts. 2928, 643.) It is given to judges also in a number of other jurisdictions. (23 Cyc.; p. 55, and authorities cited.)

The decision in the case of Murphy v. Wentworth (36 Texas, 147) was made under the Constitution of 1869, which did not contain the provision which we have adopted. It seems to be irreconcilable with the decision in Jones v. McMahan (30 Texas, 719). Neither of those cases, however, involved the construction of a provision like that in the present Constitution, and we are not called upon to determine which, if either, of them is correct.

Probably in most cases applications for the peremptory writ may and should be heard in term time, without serious detriment to the rights of the parties; but cases may arise in which the preservation of a right, or the enforcement of an official duty, demands immediate action at a time when the court is not in session. The power to take such action is not lodged anywhere unless with the district judge; and we are of the opinion that the Constitution vested it in him in order that there might be a remedy for such an emergency.

It may be that this court, through the power given to it to issue the writ of *mandamus* to the district judges, may give a remedy when there is no other, against the use of the writ by one of them in a case to which it is not properly applicable under the law. Some such appeal is made in the present case, based upon the contention that Judge Boone's action was unauthorized, even if he had power in vacation to act in a proper case. But we do not so view it. The statute plainly imposed on the county judge the ministerial duty to make publication of the declaration of the result of the election. That officer doubtless acted in good faith in trying to observe the agreement made, but that agreement could not take the place of the law nor relieve him of the duty to do the act plainly required by the law. He has manifested, throughout, a willingness to perform his duty when it shall have been determined what that duty is, but his course in postponing the publication in deference to a void agreement was a substantial refusal to perform the statutory duty. Without undertaking any discussion of the extent of the power given to this court in such matters, we must decline to issue the writ prayed for.

*Mandamus refused.*