Old River Rice Irrigation Company v. F. H. Stubbs.

Decided December 16, 1910.

**1.—Practice on Appeal—Destruction of Subject Matter of Suit.**

When the subject matter of the litigation has ceased to exist pending an appeal, an appellate court will not retain jurisdiction of the appeal, but will dismiss the same. The adjudication of the question of costs incident to the litigation is not of sufficient importance to justify a decision of the questions involved in the appeal.

**2.—Mandatory Injunction—Mandamus—Distinction.**

When the relief prayed for and that granted by the court is to compel the performance by the defendant of acts which the plaintiff claims he is entitled to require the defendant to perform as a legal duty, and not to give plaintiff protection against some act or threatened act on the part of defendant the commission of which a court of equity would restrain, the order of the judge granting the prayer is in effect a mandamus; and the fact that the prayer of the petition is for, and the order is styled, a temporary mandatory injunction, does not change its character.

**3.—Mandamus—Practice.**

While a mandamus may, in a proper case, be granted in vacation, this should not be done without notice to the opposite party.

**4.—Same—Appeal.**

No appeal lies from an order of a district judge granting a writ of mandamus in vacation; therefore an appellate court has no jurisdiction of such an appeal.

Appeal from the District Court of Chambers County. Tried below before Hon. L. B. Hightower, Sr.

*Lane, Wolters & Storey* and *W. A. Vinson,* for appellant.

*Dougherty, Conley & Gordon,* for appellee.

PLEASANTS, Chief Justice.—This appeal is from an order of the judge of the District Court of Chambers County made in vacation on the 18th day of June, 1910, commanding the appellant to furnish a sufficient amount of water to irrigate a crop of rice belonging to appellee and then growing upon land described in appellee's petition.

After proper allegations as to parties and venue and describing the land upon which the rice crop was growing, appellee's petition alleges, in substance: That said rice crop had been properly cultivated and that the same was up to a good stand and ready to receive its first irrigation from the canal of the appellant company; that on or about the 10th day of November, 1903, the appellee and appellant entered into a written contract whereby, for a valuable consideration, appellant company undertook and obligated itself to furnish to appellee water to irrigate his crop during the farming seasons, and that by reason of such contract appellant was obligated and bound to furnish such water to appellee; that said contract was contained in a deed executed by the said appellee to the appellant for right of way over the lands of appellee, more par-

ticularly described therein, and was made by the appellant company in consideration of the granting of such right of way by the appellee to said appellant company.

That in a suit instituted by appellant company against appellee and styled "Old River Rice Irrigation Company v. F. H. Stubbs," numbered 789 on the docket of the District Court of Chambers County, Texas, that honorable court, after hearing said cause on its merits, adjudged and decreed that the above and foregoing contract applied to all seasons, and that appellant company was bound and obligated to furnish to appellee water for all seasons, subsequent to the date of said contract, for one-fifth of the rice crop grown on said land, which said judgment was appealed from and was then pending in the Court of Civil Appeals for the First Supreme Judicial District at Galveston, Texas.

That notwithstanding the contract above stated, and notwithstanding the adjudication of the rights of the respective parties therein in said cause, and notwithstanding appellee's readiness and willingness to pay appellant one-fifth of said crop grown upon said land as rental for said water, the appellant company refused to irrigate appellee's rice crop, although demand had been made many times upon the appellant for water under said contract.

That in growing and cultivating rice, it is vitally necessary that the said rice have water at certain stages of its development; that appellee's rice had reached said stage of its development where it required first water; that a failure to water said rice for three or four days at that critical stage of its cultivation would result in the absolute destruction and loss of said rice; that appellee, towit, on the 11th, 13th, 14th and 16th days of June, 1910, made known to appellant that his rice needed water, and served notice and demand upon it at said times for such water. That notwithstanding said demand, and notwithstanding appellee's application to furnish water under the contract aforesaid, and notwithstanding its obligation as a quasi-public corporation to serve all of its patrons along the canal without discrimination, the appellant company refused to give appellee any water whatsoever; that appellee's crop would be wholly lost unless he got water at once to irrigate the same; that in the event of the loss of said crop he would be damaged in an enormous amount; that he was financially able to pay any judgment which appellant company might or should recover against him for water furnished his said crop in the event the appellate court should reverse and render cause number 789, in which event, according to the contention of appellant in said cause, as well as now, appellee should pay to the appellant eight dollars an acre for water; that the damages to appellant company would be and are trivial and easily estimated and compensated as compared to the terrific and enormous damage that appellee would suffer by virtue of not getting water upon his rice at that time so as to save the same from destruction or loss; that his remedy at law for damages for the acts of the appellant company in its failure and refusal to water said crop were wholly inadequate and insufficient and would necessarily result in protracted litigation, during which time

appellee would be harassed and inconvenienced by said litigation, and from being away from his business, and in traveling through a country without railroads in attendance upon courts and thus being forced to neglect his other business, causing a depreciation and loss in the same.

Appellee further alleged that the Honorable District Court was familiar with the rights of the respective parties under and by virtue of the contract of November 10, 1903, and by the said court adjudicated after having heard the contentions of both sides of the law and the facts affecting said contract, and prayed that the honorable court issue its mandatory injunction commanding appellant company to at once water the rice crop of appellee upon the lands hereinbefore more specifically described, and to continue to furnish the appellee with water for the irrigation of said crop for such length of time as might be necessary to properly irrigate said crop, and to continue thereafter, upon the demand of appellee, to furnish water for said crop at such times as appellee might demand water for the same so as to properly develop and mature said rice.

This petition was duly sworn to and verified and was presented to the Hon. L. B. Hightower, Sr., judge of said court, who, on the 18th day of June, 1910, entered his order and fiat, as follows·

"This 18th day of June, A. D. 1910, this petition having been presented to me and I having duly read and considered the same, am of the opinion that the writ of injunction as therein prayed for should be granted. It is therefore ordered that a temporary writ of injunction issue in this cause in terms of law, commanding the defendant company to furnish a sufficient amount of water to irrigate plaintiff's rice crop now growing upon the land described in his petition, and to continue to furnish plaintiff with water for the irrigation of said crop for such length of time as may be necessary to properly irrigate said crop, and to continue thereafter upon demand of plaintiff to furnish water for said crop at such times as plaintiff may demand water for the same, so as to properly develop and mature said rice. And the clerk of the District Court of Chambers County is authorized and instructed to issue said writ of injunction upon plaintiff giving a good and solvent bond in the sum of $5000."

This order was made without any notice to appellant. Thereafter, on June 24, 1910, appellant filed in said District Court an answer to appellee's petition, and prayed that upon a hearing the order theretofore made by the judge be dissolved and appellee's suit be dismissed. Being unable to obtain a hearing on the motion to dissolve, appellant filed a supersedeas bond in the court below and within the fifteen days allowed by the statute for appeal from an order granting a temporary injunction, filed a transcript of the proceedings in this court.

Appellee has moved to dismiss the appeal and the suit upon the ground that the subject matter of the suit has ceased to exist. This motion, which is sworn to by appellee's attorney, shows that the rice crop for the watering of which the so-called mandatory injunction was ordered and issued has long since perished for lack of water. If the

facts stated in the motion had not been sworn to, it is a matter of such common knowledge that the season for growing rice by irrigation had ended before the time the motion was presented that we would take judicial notice of that fact. The motion must be sustained.

The rule that an appellate court will not retain jurisdiction of a cause when the subject matter of the litigation has ceased to exist is a fixed rule of decision. Courts are not required to decide mere abstract questions of law, and the adjudication of the question of costs incident to the litigation in suits in which the subject matter ceases to exist pending an appeal, is not regarded as of sufficient importance to justify the decision of the questions involved in the appeal. Watkins v. Huff, 94 Texas, 631; McWhorter v. Northcut, 94 Texas, 86; Southwestern Tel. & Tel. Co. v. Galveston County, 59 S. W., 589; La Coste v. Duffy, 49 Texas, 767.

We also think the appeal should be dismissed upon another ground. The order of the district judge can not be regarded as a mandatory injunction, but is in substance and effect a mandamus. The relief prayed for and that granted by the court is to compel the performance by the appellant of acts which appellee claims he is entitled to require appellant to perform as a legal duty, independent of any right in appellee to a restraining order, and not acts the performance of which is necessary to give appellee adequate protection against some act or threatened act on the part of appellant the commission of which a court of equity should restrain. The petition does not seek to restrain appellant from the commission of any act, nor does the order: and the fact that the writ ordered to be issued is termed a temporary "mandatory" injunction does not change its character.

Without passing upon the question of whether the allegations of the petition are sufficient to authorize the issuance of a writ of mandamus, it is, we think, clear that the order asked and granted by the court was a mandamus which, while it might have been made by the judge in vacation in a proper case, should not have been made without notice to the opposite party. Art. 1460, Sayles' Civil Statutes. But however erroneous such an order may have been no appeal is given by the statute from an order of a district judge granting a writ of mandamus made in chambers, and this court is, therefore, without jurisdiction to hear and determine such an appeal. Thorne v. Moore, 101 Texas, 205.

For the reasons indicated this cause should be dismissed and it has been so ordered.

*Dismissed.*

Writ of error refused.