DUNNAGAN et al. v. WINGFIELD et al.

(Court of Civil Appeals of Texas. Dallas. Nov. 18, 1911. Rehearing Denied Dec. 9, 1911.)

1. MANDAMUS (§ 141*)—POWERS IN VACATION.

Judges of the district court may grant a writ of mandamus in vacation.

[Ed. Note.—For other cases, see Mandamus. Dec. Dig. § 141.*]

2. MANDAMUS (§ 187*)—APPEAL—DECISIONS REVIEWABLE.

No appeal lies from an order of a district judge granting a writ of mandamus in vacation.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 429; Dec. Dig. § 187.*]

Appeal from District Court, Delta County; T. D. Montrose, Judge.

Application by J. F. Wingfield and others for a writ of mandamus directed to C. C. Dunnagan and others, as the Commissioners' Court of Delta County, requiring that court to declare the result of an election. From an order granting the writ, respondents appeal. Appeal dismissed.

J. L. Young, for appellants. Newman Phillips, for appellees.

RAINEY, C. J. This is an appeal from an order of the district judge of the Sixty-Second judicial district of Texas, granting, in vacation, a writ of mandamus, directed to

the commissioners' court of Delta county, requiring said court to count the votes and declare the result of an election held for the purpose of determining whether or not a certain school district should issue bonds.

[1, 2] The right of a district judge to grant the writ of mandamus in vacation is affirmatively settled by our Supreme Court in the case of Thorne v. Moore, 101 Tex. 205, 105 S. W. 985. While the district judge has the power to so act in vacation, the Legislature has not granted the right of appeal from such action. Shepard v. City Council of Hubbard City, 42 S. W. 862.

As the right of appeal is not authorized by law, this court cannot entertain this appeal, and the same is therefore dismissed and the case is stricken from the docket.