W. M. WEBB AND A. A. COCKE, TRUSTEES OF UNITED HOME BUILDERS
OF AMERICA, AN ASSOCIATION UNINCORPORATED, v. ED. HALL,
COMMISSIONER OF INSURANCE AND BANKING.

Motion No. 5244.    Decided March 22, 1922.

(239 S. W., 1105.)

1.—Jurisdiction of Supreme Court.

The Act of May 27, 1915, Laws, 34th Leg., First Called Session, ch. 5, requiring the forms of contracts issued by certain companies to be approved by the Commissioner of Insurance and Banking, in providing (sec. 9) that, if he should disapprove the same, such company may institute a proceeding

in any court of competent jurisdiction and. venue to review his action there-on," did not confer jurisdiction on the Supreme Court to require such approval by him in an original proceeding in that court to obtain writ of mandamus.   (P. 4448).

### 2.—Same—Statutory Construction.

No consideration of venue is required in conferring jurisdiction on the Supreme Court; and this, and the providing in the same section of the Act for the appointment of a receiver, is appropriate only to a District Court and wholly unsuited to confer jurisdiction on the Supreme Court.   (P. 448).

This was a motion in the Supreme Court for leave to file an original petition therein for issuance of a writ of mandamus against the State Commissioner of Insurance and Banking.

*Cocke & Cocke,* and *Ethridge, McCormick & Bromberg,* for relators.

The jurisdiction of this court to issue the writ cannot be questioned. Aetna Insurance Co. v. Hawkins, Commissioner of Insurance and Banking, 103 Texas, 195; Firemen's Fund Insurance Co. v. Von Rosenberg, Commissioner, 103 Texas, 571.   Mandamus is the only adequate remedy.   Hazelwood v. Rogan, Commissioner, 95 Texas, 295.

Where the duties sought to be enforced consist both of discretional and ministerial acts, and all discretion has been exhausted, mandamus lies to compel the performance of the remaining ministerial duties.   Such has been the law since Marbury v. Madison, 1 Cranch 137.   United States v. Schurz, 102 U. S., 378.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

The Thirty-fourth Legislature of Texas, at its First called Session, passed an act, approved May 27, 1915, regulating the business of corporated and unincorporated Co-Operative Savings and Contract Loan Companies.

The Act, being Chapter 5 of the acts of said session of the Legislature, among other things, places the companies regulated by it under the supervision and control of the Commissioner of Insurance and Banking, and requires that all forms of contracts which the companies may seek to issue "shall be first submitted to the Commissioner of Insurance and Banking for his examination and approval," and that if approved by the Commissioner, "the same may thereafter be issued and sold," but if disapproved by him, then "such company may institute a proceeding in any court of competent jurisdiction and venue to review his action."

The Act further provides: "All contracts issued by any such company shall have upon their face a certificate substantially in the following words: 'This contract is registered, and approved securities equal in value to the legal reserve hereon are held in trust by the Commissioner of Insurance and Banking of the State of Texas,'

which certificate shall be signed by the Commissioner and sealed with the seal of his office.''

Relators allege that the unincorporated association in whose behalf they sue complied with all the requirements of the Act and procured the Commissioner's approval of, and certificate to, 2497 Contracts issued by said association between May 26, 1921, when a certificate of authority to do business was issued to the association and November 18, 1921, when the Commissioner refused to approve, or sign certificates on, certain contracts, following the previously approved form, which the association presented to the Commissioner, unless certain sections in said form were eliminated from said contract.

Relators filed a motion for leave to file a petition for a mandamus to compel the Respondent Commissioner of Insurance and Banking to place his certificate on the contracts presented by the association to him in the form, which he had already approved, and to continue to place his certificates on contracts in the approved form, so long as the deposits to secure such contracts might be made as required by law.

The motion of relators for leave to file the petition for mandamus will be refused because of the want of jurisdiction in the Supreme Court.

In our opinion the Legislature clearly meant other courts than the Supreme Court when it provided that proceedings of this character be instituted ''in any court of competent jurisdiction and venue.''

The Legislature would never require a consideration of venue with respect to a suit in the Supreme Court. It is also significant that precisely the same language is used a few lines later in the same section and act in providing for the appointment of a receiver of a company operating under the act.

The language accurately fits an appropriate district court and is wholly unsuited to confer jurisdiction on the Supreme Court.

The Supreme Court has such original jurisdiction in mandamus cases as the Legislature may confer; but, so has the district court, Thorne v. Moore, 101 Texas, 208, 105 S. W., 985; and, when the Legislature has used language negativing an intent for the Supreme Court to assume original jurisdiction, in specified mandamus cases, and declaring an intent for other courts to take original jurisdiction, then, in all such cases the Supreme Court must, of course, refsue to exercise original jurisdiction.

Relators' motion is overruled.

Chief Justice Cureton not sitting.