**WEBB et al. v. HALL, Com'r of Insurance and Banking. (No. 5244.)**

(Supreme Court of Texas. March 22, 1922.)

Courts ⊗⟶207(4)—Statute authorizing review of determination of Commissioner of Insurance and Banking disapproving contract, refers to district, and not to Supreme Court.

Acts 34th Leg. (1915) First Called Sess. c. 5 (Vernon's Ann. St. Supp. 1918, art. 1313½ et seq.), authorizing co-operative savings and contract loan companies to "institute a proceeding in any court of competent jurisdiction and venue" to review action of the Commissioner of Insurance and Banking in disapproving a contract, *held* to refer to the district court, and not to a proceeding in mandamus in the Supreme Court.

Motion by W. M. Webb and A. A. Cocke, trustees of the United Home Builders of America, of Dallas, Tex., an association unincorporated, against Ed Hall, Commissioner of Insurance and Banking, for leave to file petition for mandamus. Motion overruled.

Cocke & Cocke and Etheridge, McCormick & Bromberg, all of Dallas, for relators.

GREENWOOD, J. The Thirty-Fourth Legislature of Texas at its first called session passed an act approved May 27, 1915, regulating the business of corporated and unincorporated co-operative savings and contract loan companies. The act, being chapter 5 of the acts of said session of the Legislature (Vernon's Ann. St. Supp. 1918, art. 1313½ et seq.), among other things, places the companies regulated by it under the supervision and control of the Commissioner of Insurance and Banking, and requires that all forms of contracts which the companies may seek to issue "shall be first submitted to the Commissioner of Insurance and Banking for his examination and approval," and that, if approved by the Commissioner, "the same may thereafter be issued and sold," but, if disapproved by him, then "such company may institute a proceeding in any court of competent jurisdiction and venue to review his action."

The act further provides:

"All contracts issued by any such company shall have upon their face a certificate substantially in the following words: 'This contract is registered, and approved securities equal in value to the legal reserve hereon are held in trust by the Commissioner of Insurance and Banking of the state of Texas,' which

certificate shall be signed by the Commissioner and sealed with the seal of his office."

Relators allege that the unincorporated association in whose behalf they sue complied with all the requirements of the act, and procured the Commissioner's approval of, and certificate to, 2,497 contracts issued by said association between May 26, 1921, when a certificate of authority to do business was issued to the association, and November 18, 1921, when the Commissioner refused to approve or sign certificates on certain contracts, following the previously approved form, which the association presented to the Commissioner unless certain sections in said form were eliminated from said contract.

Relators filed a motion for leave to file a petition for a mandamus to compel the respondent Commissioner of Insurance and Banking to place his certificate on the contracts presented by the association to him in the form, which he had already approved, and to continue to place his certificates on contracts in the approved form, so long as the deposits to secure such contracts might be made as required by law.

The motion of relators for leave to file the petition for mandamus will be refused because of the want of jurisdiction in the Supreme Court.

In our opinion the Legislature clearly meant other courts than the Supreme Court when it provided that proceedings of this character be instituted "in any court of competent jurisdiction and venue." The Legislature would never require a consideration of venue with respect to a suit in the Supreme Court. It is also significant that precisely the same language is used a few lines later in the same section and act in providing for the appointment of a receiver of a company operating under the act. The language accurately fits an appropriate district court, and is wholly unsuited to confer jurisdiction on the Supreme Court.

The Supreme Court has such original jurisdiction in mandamus cases as the Legislature may confer, but, so has the district court (Thorne v. Moore, 101 Tex. 208, 105 S. W. 985); and, when the Legislature has used language negativing an intent for the Supreme Court to assume original jurisdiction, in specified mandamus cases, and declaring an intent for other courts to take original jurisdiction, then, in all such cases, the Supreme Court must, of course, refuse to exercise original jurisdiction.

Relators' motion is overruled.

---

⊗⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes