## MONTAGUE COUNTY v. WHITE.
### (No. 10588.)

(Court of Civil Appeals of Texas. Fort Worth. March 31, 1923.)

1. **Appeal and error** &#8680;76(1)—**A judgment disposing of matters in controversy as to all the parties is a "final judgment."**

Any judgment is "final" which disposes of the matters in controversy as to all the parties to the suit.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

2. **Mandamus** &#8680;1—**Mandamus is a civil suit controlled by rules of procedure applicable to other civil suits.**

Mandamus is a civil suit and is controlled and limited as an independent suit by the rules of procedure applicable to other civil suits.

3. **Appeal and error** &#8680;77(1)—**When judgment granting writ of mandamus is a "final judgment" stated.**

Where a writ of mandamus issued by the district court under Const. art. 5, § 8 (Rev. St. art. 1713), is issued as an ancillary process to a pending suit in aid of the jurisdiction of the court, the order is not a final "judgment," but where the writ is issued in response to an independent cause of action, based upon a petition filed, and where the order or judgment disposes of all matters in controversy as to all the parties to the suit, the judgment is final, and in a civil suit on appeal will lie to the Court of Civil Appeals, under article 2078.

4. **Mandamus** &#8680;141—**District court not authorized to grant writ during vacation except after trial had with consent of parties.**

The district court has no authority to grant a writ of mandamus during vacation except after a trial had with the consent of all the parties, under Rev. St. art. 1714.

5. **Mandamus** &#8680;187(9)—**On appeal from judgment granting writ of mandamus during vacation, it will be presumed that the trial was had with the consent of all the parties.**

On appeal from a judgment granting a writ of mandamus after a trial during vacation, it will be presumed that the trial was had with the consent of all parties, under Rev. St. art. 1714.

Appeal from Montague County Court; C. R. Pearman, Judge.

Mandamus by W. L. White against Montague County. Judgment for plaintiff, and defendant appealed. On motion to dismiss appeal. Motion overruled.

Donald & Donald, of Bowie, for appellant. Benson & Benson, of Bowie, for appellee.

BUCK, J. Plaintiff below filed a suit for mandamus against the members of the commissioners' court of Montague county. He alleged that theretofore he had secured a judgment against Montague county and road district No. 3 of said county for damages arising from the taking of a part of his land by the county, and that the judgment of the district court had been affirmed by the Court of Civil Appeals (241 S. W. 740) and a writ of error denied by the Supreme Court; that the defendants, "acting individually and for and on behalf of defendant Montague county as its duly and legally constituted board of commissioners, have failed and refused and still refuse to pay" said judgment or any part thereof. Wherefore he prayed that a writ of mandamus be issued by the district

court ordering said members of the commissioners' court to pay to him the amount of his judgment with costs of the court. The defendants, in vacation, duly answered, alleging various defenses, one of which was that the judgment alleged to have been obtained by the plaintiff in his former suit against Montague county was not chargeable to any fund of the county.

The trial was in vacation, and evidence was introduced, and the court rendered a judgment for the plaintiff that the writ of mandamus issue. The defendants have appealed.

The cause is now before us on a motion of the appellee to dismiss the appeal, inasmuch as the appellee claims that the judgment obtained in the district court is not a final judgment from which an appeal would lie to this court. He urges that this appeal is from a judgment or order of the district judge rendered or entered in vacation, and that the law does not provide for any appeal from an order made in vacation granting or refusing a writ of mandamus. Article 1713 of the Revised Statutes reads:

"The judge of the district court shall have authority, either in term time or in vacation, to grant writs of mandamus, injunction, sequestration, attachment, garnishment, certiorari and supersedeas, and all other writs necessary to the enforcement of the jurisdiction of the court."

Article 1714 provides:

"The judges of the district courts may in vacation, by consent of the parties, exercise all powers, make all orders, and perform all acts, as fully as in term time, and may, by consent of the parties, try any case without a jury and enter final judgment, except in divorce cases. All such proceedings shall be conducted under the same rules as if done in term time; and the right of appeals and writ of error shall apply as if the acts had been done in term time."

Article 2078 is as follows:

"An appeal or writ of error may be taken to the Court of Civil Appeals from every final judgment of the district court in civil cases, and from every final judgment in the county court in civil cases of which the county court has original jurisdiction, and from every final judgment of the county court in civil cases of which the court has appellate jurisdiction, where the judgment or amount in controversy exceeds one hundred dollars, exclusive of interest and costs."

[1-5] Any judgment is final which disposes of matters in controversy as to all the parties to the suit. G., C. & S. F. Ry. Co. v. F. W. & N. O. Ry. Co., 68 Tex. 98, 2 S. W. 199, 3 S. W. 564, and authorities there cited; Leyhe v. McNamara, 243 S. W. 1074, by the Commission of Appeals, adopted by the Supreme Court. The statutory remedy denominated

250 S.W.—47

a writ of mandamus is a civil suit, and is controlled and limited as an independent suit by the same rules of procedure applicable to other civil suits. Roberts v. Munroe (Tex. Civ. App.) 193 S. W. 734, writ of error dismissed for want of jurisdiction. Article 5, § 8, of the state Constitution, gives to the district court and the judge thereof the power to issue writs of habeas corpus, mandamus, injunction, etc. Where a writ of mandamus is issued as an ancillary process to a pending suit, in aid of the jurisdiction of the court, such order will not be a final judgment; but where it is issued in response to an independent cause of action, based upon a petition filed, and where the order or judgment disposes of all matters in controversy as to all the parties to the suit, such a judgment is final, and in a civil suit an appeal would lie to the Court of Civil Appeals. G., C. & S. F. Ry. Co. v. F. W. & N. O. Ry. Co., 68 Tex. 98, 2 S. W. 199, 3 S. W. 564; and article 2078, Rev. Statutes. Hence we are of the opinion that the judge of Montague county district court had no authority to grant the writ in the instant case, unless he did so in term time, or under article 1714, under which the judges of district courts may, in vacation, by consent of the parties, exercise all the powers, etc., as fully as in term time. Hence we presume that the judge of Montague county district court, in issuing the writ of mandamus mentioned herein, intended to act under the terms of article 1714. In so concluding, we are authorized to presume that the trial was had in vacation with the consent of all parties. See Finney v. Walker (Tex. Civ. App.) 144 S. W. 679; Berry v. Am., etc., Irr. Co. (Tex. Civ. App.) 233 S. W. 781.

Article 1714 was passed April 21, 1909, and took effect August 9, 1909. Before its passage the judges of the district courts had no authority to exercise the powers of a district court during vacation. The case of Shepard v. Council of Hubbard City (Tex. Civ. App.) 42 S. W. 862, holding that an order made by a district judge in vacation denying a peremptory writ of mandamus is not such a final judgment by the district court as authorizes an appeal, was decided in 1897, prior to the passage of article 1714. The case of Dunnagan v. Wingfield (Tex. Civ. App.) 141 S. W. 288, holding that no appeal lies from an order of the district court granting a writ of mandamus in vacation, was decided December 9, 1911. It does not appear that a trial was had, issues joined, and evidence heard as in the instant case; nor does it appear affirmatively that the matters out of which that controversy arose occurred subsequent to the enactment of article 1714. The case of Thorne, Judge, v. Moore, 101 Tex. 205, 105 S. W. 985, was decided in 1907, prior

to the enactment of article 1714. The case of Old River Rice Irr. Co. v. Stubbs, 63 Tex. Civ. App. 350, 133 S. W. 494, writ of error denied, was an appeal from the granting of a temporary injunction compelling appellant to furnish water to irrigate appellee's crop of rice. The Galveston Court of Civil Appeals held that the subject-matter of the litigation having ceased to exist, the appeal should be dismissed. The court further said that the mandatory injunction granted was, in substance and effect, a mandamus, and granted in vacation, and that no right of appeal was given from an order of the district judge, made in chambers, and without notice to the opposite party. The decision upon this point cites Thorne v. Moore, supra. We do not know whether the Supreme Court in denying the writ of error did so upon the determination that the decision of the Court of Civil Appeals was correct under the first reason given, or whether they considered the last ground or not. At any rate, the citation to Thorne v. Moore was a reference to a case decided by the Supreme Court prior to the passage of article 1714.

For the reasons given, the motion to dismiss the appeal is overruled.