CITY OF GILMER et al. v. MOYER et al.

No. 6116.

Court of Civil Appeals of Texas. Texarkana.

June 8, 1944.

Rehearing Denied June 15, 1944.

Truman Warren, of Tyler, for appellants.

Florence, Florence & Meredith, of Gilmer, for appellees.

HARVEY, Justice.

This case has been before this court on a prior appeal. 181 S.W.2d 1008. The appellants, as plaintiffs below, filed suit in the District Court of Upshur County on July 10, 1941, in which they sought to enjoin appellees, defendants below, from constructing a building upon a parcel of land in the city of Gilmer, Texas. In their answer the defendants sought a mandatory injunction against the city authorities of Gilmer to require them to issue a building permit to one H. W. Moyer who had applied for such permit for the construction of a building upon the land described in the original petition of plaintiffs. The district court, upon a hearing of the case in August, 1941, denied the relief sought by both the plaintiffs and the defendants, from which action of the trial court the plaintiffs perfected an appeal. An opinion was handed down by Chief Justice Johnson, 181 S.W.2d 1008, in which decision the judgment of the trial court denying the plaintiffs' application for a temporary injunction against the defendants was affirmed, and the action of the trial court in denying the mandatory injunction prayed for by the defendants was reversed, with instructions that it be grant-ed and the City of Gilmer be required to issue the building permit for which application had been made. Upon their motion for re-hearing being overruled by this court, application for writ of error was made by the plaintiffs to the Supreme Court of Texas, which was refused. Thereafter, on November 19, 1943, the case again was brought before the District Court of Upshur County, and the court sustained defendants' plea of res judicata, and held that the matters at issue had been disposed of by final judgment in the former trial before that court and by the opinion of the Court of Civil Appeals, Sixth Supreme Judicial District of Texas. From the ruling of the trial court in sustaining the plea of res judicata this second appeal has been perfected.

Appellants in this appeal rely upon the proposition that the trial court, in sustaining appellees' plea of res judicata, erred in construing, by implication, that the original judgment of the district court rendered August 15, 1941, as well as the judgment handed down by the Court of Civil Appeals on June 11, 1942, were upon the merits of the case and constituted a final disposition of the cause of action. In their brief they concede that if the record discloses that the original judgment of August 15, 1941, was entered as a result of a hearing on the merits of the case, then on this appeal the judgment of the trial court should be affirmed. On the other hand, they contend that if such judgment was rendered after a hearing in which only a temporary injunction was sought, then the case should be reversed and sent back to the district court for a trial on the merits.

The issue joined by the pleadings in the case was whether or not the public in the City of Gilmer, and the plaintiffs R. H. Laschinger and wife, and J. D. Barnwell and wife, had acquired a prescriptive right to use the tract of land involved in this suit by reason of its having been used for more than ten years by such parties as a portion of an alley, it being alleged in the original petition that the use made of the land had been of such nature that the public and the plaintiffs had acquired an easement in it, and that H. W. Moyer, who had a deed covering the strip of land in question had no right to block the passageway by constructing a building upon the portion included in his deed.

Appellants contend that the case was tried, or the hearing held, in vacation,

and that the judgment entered in the case was not a final one. The district clerk testified on the second hearing that the district court was not in regular session and no jury in attendance on the date of the rendition of the judgment. Judges of the district courts in Texas in vacation without a jury by consent of the parties may try any civil cases, except divorce cases, and enter final judgment (Art. 1915, R.C.Statutes, State of Texas). Where a final judgment is entered in vacation, nothing to the contrary appearing, it may be presumed that the trial was had with the consent of all the parties to the suit. Montague County v. White, Tex.Civ.App., 250 S.W. 736; Glenn v. Milam, District Judge, 114 Tex. 160, 263 S.W. 900.

In passing upon whether or not the judgment entered in the trial court and the judgment rendered on appeal by the Court of Civil Appeals constituted a final disposition of the case, certain facts are to be noted. The judgment of the district court recites that: "All matters of fact as well as of law having been submitted to the Court without the intervention of a jury, and all parties answering ready for trial, and the Court, having heard evidence and argument of counsel, is of the opinion and finds that the plaintiffs herein are not entitled to a temporary injunction * * *."

A little more than three hundred pages of testimony appear in the statement of facts bearing on the issues presented. We find the following statements in the opinion of the Court of Civil Appeals:

"Trial of the cause before the court without a jury resulted in judgment denying the injunction prayed for by appellants and also refusing the mandatory injunction asked by appellees. Both appellants and appellees excepted to the judgment and gave notice of appeal. The appeal was perfected by appellants. No findings of fact and conclusions of law were requested of the trial court and none appear in the record. * * *

"It appears that the application for the permit is in due form and meets all requirements of city ordinances, and that the only reason it was rejected was on account of the protest of the owners of said inside lots claiming the alleged easement. Since that issue is decided adversely to appellants, appellees are entitled to the mandatory injunction requiring issuance of the permit."

It thus appears that the judgment of the Court of Civil Appeals disposed of the issues involved in the case, which embraced the question of title of the appellees, and the right of user asserted by the appellants. The trial judge in his findings of fact with reference to the hearing at the time this case was called up the second time, upon which findings he based his action in sustaining the plea of res judicata, states among other things: "So far as this Court has been able to learn upon this hearing no statement was made by the court or the attorneys present at said proceeding as to whether said proceeding was a trial on the merits, or a hearing upon the applications of the parties to said suit for temporary injunctions. A lengthy hearing was had at said time and the matters covered by said pleadings were presented in great detail by the evidence introduced, the evidence admitted at said proceeding consisting of approximately 307 pages, and introduced in evidence as Defendant's Exhibit 1, to which reference is here made."

The trial court then concludes as a matter of law that the judgment in the case handed down by the Court of Civil Appeals was a judgment upon the merits of the cause of action.

The case of Montague County v. White [250 S.W. 737], hereinabove cited, in defining a final judgment, makes use of the following language: "Any judgment is final which disposes of matters in controversy as to all the parties to the suit (authorities cited). The statutory remedy denominated a writ of mandamus is a civil suit, and is controlled and limited as an independent suit by the same rules of procedure applicable to other civil suits. * * * Where a writ of mandamus is issued as an ancillary process to a pending suit, in aid of the jurisdiction of the court, such order will not be a final judgment; but where it is issued in response to an independent cause of action, based upon a petition filed, and where the order or judgment disposes of all matters in controversy as to all the parties to the suit, such a judgment is final, and in a civil suit an appeal would lie to the Court of Civil Appeals."

The trial on August 15, 1941, embraced not only the plaintiffs' application for a temporary injunction, but included as well the application of defendants for a mandatory injunction upon which no preliminary hearing had been set requiring the City of Gilmer to issue the building permit. Appellants took the position in their motion for re-hearing and in their

application for a writ of error to the Supreme Court that the opinion of the Court of Civil Appeals finally disposed of all the issues in the case, and accomplished the whole object of the suit. We are in accord with this viewpoint, and such opinion having disposed of all the issues joined by the pleadings in the original trial on August 15, 1941, we are of the opinion that such judgment constituted a final disposition of the matters in controversy between the parties and became the law of the case. This being true, the action of the trial judge in sustaining the plea of res judicata of the appellees when the case was called for trial the second time was correct. The judgment sustaining the plea of res judicata is therefore affirmed.