Mrs. Teafila SIPIRANO, Appellant,

v.

Mrs. W. H. BOWLBY, Appellee.

No. 6997.

Court of Civil Appeals of Texas.

Texarkana.

Dec. 3, 1957.

Rehearing Denied Dec. 31, 1957.

Burt Barr, J. Lee Zumwalt, Dallas, for appellant.

Huffmaster & Brooks, Kaufman, Ben Brooks, Kaufman, for appellee.

DAVIS, Justice.

This is a suit in the trial court by appellee-plaintiff, Mrs. W. H. Bowlby, a widow, against appellant-defendant, Mrs. Teafila Sipirano, a widow.

Appellee is the owner of a 520-acre tract of land situated on the north side of a county road in Kaufman County, through which runs a creek known as Cedar creek. This creek bisects her land, leaving about 90 acres on the west side of the creek, and it is between this 90-acre tract of land and the county road that the tract of land lies belonging to the appellant, which appellee seeks to compel appellant to permit her, appellee, to cross by way of injunction. Appellee's tract of land joins the county road on the north side of the road and the east side of the creek for a considerable distance. That part of the west side of Cedar creek does not join the county road at any point but is separated from the county road by about five acres of land belonging to appellant and other people. Appellee's land extends farther west than does the 5-acre tract of appellant and is connected to the county road by another road over which appellee has access to her approximately 90 acres west of Cedar creek. Appellee pleaded a claim of right of way based upon necessity. There is no pleading of the acquisition of a right of way by prescription. Specifically, appellee did not plead that she used the right of way under any adverse claim of right; neither did she plead that appellant ever at any time had notice of any such claim that would tend to establish a right of way by prescription. See Ladies Benevolent Society of Beaumont v. Magnolia Cemetery Co., Tex.Com.App., 288 S.W. 812. The evidence clearly shows, without dispute, that appellee has access to a public road from her property. She could either use the road west of the 5-acre tract or build a bridge across Cedar creek. The evidence clearly shows that even though appellee and her family have been traveling across the 5-acre tract for about half a century, such has only been with the permission of appellant and her predecessors in title. As a matter of fact the place where the road now crosses the 5-acre tract was changed within the last 10 years and appellee did not describe the right of way with any degree of certainty. The right of way sought to be opened to appellee is not described by metes and bounds at all, which fails to meet the required pleading. And, had she specifically pleaded the metes and bounds, it would have had to be proved.

Trial was to the court without a jury who granted a permanent injunction for a right of way across the 5-acre tract of land without any description whatever. No findings of fact or conclusions of law were filed and the only finding in the judgment is: "The law is with the plaintiff."

Appellant brings forward 12 points of error. Point 5 is without merit and is overruled. The remaining points are grouped into two groups. By one group, appellant complains of the action of the trial court in entering the judgment because of the deficiency of pleading and failure to prove any greater right of use of the right of way across appellant's land than one of convenience by permission. By the other group of points she complains of the action of the trial court in that the injunction is too vague and indefinite to be enforced. There being no pleading or evidence of adverse use of the road by the public generally of the right of way across the 5-acre tract of land, and no proof of any notice of such use under adverse claim, the injunction could not be granted on any theory of right of way by prescription. We think the case of City of Gilmer v. Moyer, Tex.Civ.App., 181 S.W.2d 1008, is directly in point. See also Humble Oil & Refining Co. v. Goldsmith, Tex.Civ. App., 196 S.W.2d 665, and Brown v. City of Texarkana, Tex.Civ.App., 269 S.W.2d 804, wr. ref. n. r. e.

There is no pleading or proof of privity of title to the two tracts of land that would justify the granting of an injunction on the theory of a right of way by necessity. We

point out here that several witnesses for appellee testified that their use of the right of way across appellant's 5-acre tract of land was with the express permission of appellant or her predecessors in title. There is no contention that they ever used it adversely to the claim of ownership by appellant. There is in evidence a letter from appellee requesting permission for further use of the right of way and offering to buy the tract of land from appellant which is certainly a recognition of appellant's exclusive ownership of the entire tract of land, including the right of way.

There being no pleading nor evidence in the record that would justify the judgment rendered, and the pleading, proof and the judgment being so indefinite (absolutely no description at all of the right of way) and the ownership of the property being recognized by appellee in the written communication, appellant's remaining points of error are sustained, and the judgment of the trial court is reversed and the judgment is here rendered that appellee take nothing.