Carol KOLSTI et al., Appellants,

v.

Calvin R. GUEST et al., Appellees.

No. 1233.

Court of Civil Appeals of Texas, Tyler.

Jan. 18, 1979.

Randall B. Wood, Ray & Wood, Austin, for appellants.

Shannon H. Ratliff, McGinnis, Lochridge & Kilore, Austin, for intervenor.

R. C. Slagle, III, Sherman, for appellees.

SUMMERS, Chief Justice.

This is an appeal from an order of dismissal by the trial court dismissing appellants' petition (asking for a declaratory judgment and writ of injunction) for the reason that the court did not have jurisdiction.

Appellants, Carol Kolsti, Harold Hammett and Mary Jo Spradlin, filed their petition for declaratory judgment and to enjoin the State Democratic Executive Committee and its Chairman from including on the general primary election ballot of the Democratic Party a certain referendum issue. The referendum issue in question inquired whether the voter is for or against the 1979 Legislature enacting a law to permit pari-mutuel wagering on horse races by local-county option.

On March 13, 1978, the State Democratic Executive Committee held its statutory meeting to pass a resolution directing its Chairman to certify the candidate names and referenda to be placed on the general primary election ballot. The Committee was presented with petitions which ostensibly contained more than 76,065 signatures of voters of the Party requesting that the pari-mutuel wagering referendum appear on the ballot. The Committee adopted a resolution authorizing a ballot which included the referendum issue. The basis for this suit was that the petitions contained insufficient valid signatures to require the Committee to place the issue on the ballot pursuant to Article 13.33, Texas Election Code. The trial court entered a temporary restraining order but subsequently on March 31, 1978, dismissed the cause for lack of jurisdiction. In its order of dismissal the court concluded that it had no jurisdiction to hear the complaint lodged against the petitions and the action of the Committee in authorizing the referendum issue for the ballot because the actions of the Committee were of a political nature into which the court could not inquire. Thereafter, on April 3, 1978, appellants gave notice of appeal from the trial court's dismissal order and filed a motion with the Austin Court of Civil Appeals for leave to file an original proceeding in that court to enjoin the State Democratic Executive Committee and its Chairman from including said referendum issue on the primary election ballot. As reported in 565 S.W.2d 556, the Court of Civil Appeals by its Per Curiam opinion on April 7, 1978, denied the motion for leave to file the petition for injunction holding that it is beyond the powers of the courts to enjoin an election or any incident to it; that an election is essentially the exercise of political power, and during its progress, is not subject to judicial control.

Appellants have prosecuted this appeal from the trial court's order of dismissal on one point of error in which they apparently complain that the trial court erred by failing to hear the complaint that the petition contained insufficient valid signatures to require the State Democratic Executive Committee to place the referendum on the ballot. Appellants in their brief concede that the Austin Court of Civil Appeals by its Per Curiam opinion, supra, effectively sustains the trial court insofar as the request for injunction is concerned. However, appellants contend that the trial court had jurisdiction to proceed to a declaratory judgment to accord appellants a construction of Article 13.33, Texas Election Code. We disagree.

■ A case becomes moot when it appears that one seeks to obtain a judgment upon some alleged controversy when in reality none exists, or when he seeks judgment upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy. *McNeill v. Hubert*, 119 Tex. 18, 23 S.W.2d 331, 333 (Comm. of App.1930, holding app'd); *Swank v. Sharp*, 358 S.W.2d 950, 951 (Tex.Civ.App.—Dallas 1962, no writ); *Stephenson v. State*, 515 S.W.2d 362, 363 (Tex.Civ.App.—Dallas 1974, writ dism'd); *Greene v. Gregg*, 520 S.W.2d 924, 926 (Tex.Civ.App.—Tyler 1975, no writ).

■ In the instant case the referendum issue on pari-mutuel betting was included on the general primary election ballot for the Democratic Party and lost in that election. There is no longer a justiciable controversy between the parties. No effective relief can be given to either party to the appeal. The events have occurred and the question of whether the trial court had jurisdiction to issue a writ of injunction or to render a decision on declaratory judgment are no longer live subjects of contro-

versy. Since no actual controversy now exists between the parties, the case is now moot. It is the settled law of this State that its courts will not continue to litigate a controversy that has ceased to exist and that appellate courts will not review judgments if the controversy between the parties has terminated. Such cases are moot. *State v. Society for Friendless Children*, 130 Tex. 533, 111 S.W.2d 1075, 1076 (1938); *City of West University Place v. Martin*, 132 Tex. 354, 123 S.W.2d 638, 639 (1939); *Isbell v. Rednick*, 193 S.W.2d 736, 737 (Tex.Civ. App.—Waco 1946, no writ).

It has also been held that courts are created not for the purpose of deciding abstract questions of law or rendering advisory opinions, but for the judicial determination of presently existing disputes between parties in relation to facts out of which controverted questions arise. *McNeill v. Hubert*, supra; *Swank v. Sharp*, supra, and 1 Tex.Jur.2d Actions sec. 11, p. 516.

 It is also well settled law that before a declaratory judgment will lie, there must be a justiciable controversy between the parties. *California Products, Inc. v. Puretex Lemon Juice, Inc.*, 160 Tex. 586, 334 S.W.2d 780, 781 (1960) and authorities cited. The court said:

> " 'The rule with respect to the necessity for a justiciable controversy may be stated in the vernacular in this wise: The Uniform Declaratory Judgments Act does not license litigants to fish in judicial ponds for legal advice.' Anderson, Declaratory Judgments, 2d. Ed., Vol. 1, p. 47, quoting from *Lide v. Mears*, 231 N.C. 111, 56 S.E.2d 404."

When a case becomes moot, the only proper judgment is one dismissing the cause. *Sterling v. Ferguson*, 122 Tex. 122, 53 S.W.2d 753, 763 (1932); *Polk v. Davidson*, 145 Tex. 200, 196 S.W.2d 632, 633 (1946); *Shaw v. Miller*, 394 S.W.2d 701, 703 (Tex.Civ.App.— Houston 1965, ref'd n. r. e.).

It follows from the above conclusions that this cause—having thus become moot—should be dismissed; it will be so ordered.

Appeal dismissed.