Lynn Murphy CREEL, Relator,

v.

**SHERIFF OF MEDINA COUNTY,**
Texas, Respondent.

Lynn Murphy CREEL, Relator,

v.

**DISTRICT ATTORNEY FOR MEDINA
COUNTY, Texas, Respondent.**

Nos. 4–87–00049–CV, 04–87–00050–CV.

Court of Appeals of Texas,
San Antonio.

May 18, 1988.

**646**

Lynn Murphy Creel, Rosharon, pro se.

Rogelio Munoz, Dist. Atty., Uvalde, for respondent.

Before CADENA, C.J., and CANTU and REEVES, JJ.

## OPINION

REEVES, Justice.

This is an appeal from the denial of the trial court to order the Sheriff and District Attorney of Medina County to furnish copies of documents in their custody pursuant to TEX.REV.CIV.STAT. ANN. art. 6252–17a (Vernon Supp.1988).

Appellant, Lynn Murphy Creel, is an inmate in the Texas Department of Corrections serving a life sentence after having been convicted of the capital murder of Wilson James Smith in Bexar County. Creel was also indicted by the Medina County Grand Jury for the aggravated robbery and kidnapping of Smith. All three of the alleged felonies grew out of the same occurrence. The Medina County indictments were dismissed at the instance of the District Attorney, who gave as his reason for dismissal the conviction and sentence of Creel in the capital murder case.

■ Relying on art. 6252–17a, § 4, the appellant requested from both officials copies of their files in cause nos. 3,572 and 3,573. The State denied the request relying on sections 3(a)(1), 3(a)(3), and 3(a)(8) of that same article. Those sections provide that the following information is not available for public disclosure:

(1) information deemed confidential by law, either Constitutional, statutory, or by judicial decision;

\* \* \*

(3) information relating to litigation of a criminal or civil nature and settlement negotiations, to which the state or political subdivision is, or may be, a party, ...

\* \* \*

(8) records of law enforcement agencies and prosecutors that deal with the detection, investigation, and prosecution of crime and the internal records and notations of such law enforcement agencies and prosecutors which are maintained for internal use in matters relating to law enforcement prosecution.

Section 3(e) of that article provides:

For purposes of Subsection (a)(3) of this section, the state or a political subdivision is considered to be a party to litigation of a criminal nature *until the applicable statute of limitations has expired or until the defendant has exhausted all appellate and post-conviction remedies in state and federal court.* [Emphasis added.]

The alleged offenses of aggravated robbery and kidnapping have been barred by the statute of limitations. TEX.CODE CRIM.PROC.ANN. art. 12.01 (Vernon Supp.1988). The State contends appellant's conviction for capital murder is subject to a post-conviction remedy which requires that the records remain free from disclosure. Creel is not seeking the records from Bexar County, he is seeking the records held by the District Attorney and Sheriff of Medina County involving different offenses. There is no post-conviction remedy applicable to the Medina County cases.

■ Article 6252–17a, § 7(a) provides:

(a) If a governmental body receives a written request for information which it considers within one of the exceptions stated in Section 3 of this Act, but there has been no previous determination that it falls within one of the exceptions, the governmental body within a reasonable time, no later than ten days, after receiving a written request must request a decision from the attorney general to determine whether the information is within that exception. If a decision is not so requested, the information shall be presumed to be public information.

(b) The attorney general shall forthwith render a decision, consistent with standards of due process, to determine whether the requested information is a public record or within one of the above stated exceptions. The specific information requested shall be supplied to the attorney general but shall not be disclosed until a final determination has been made. The attorney general shall

issue a written opinion based upon the determination made on the request.

Here, an opinion on the information's status was not requested from the Attorney General's Office. The information is, therefore, presumed to be public information.

■ The State further contends that the records were made available to Creel's attorney and that Creel has had an opportunity to see them. The fact that Creel might have seen the records at a prior time does not preclude him the right to the records at a subsequent time.

■ We are of the opinion that the records sought by Creel are now public records. To obtain mandamus relief a relator must show: (1) no other remedy at law is available, and (2) that the act sought to be compelled is ministerial, not discretionary. *Berry v. Hughes*, 710 S.W.2d 600, 601 (Tex.Crim.App.1986). Appellant has shown both.

This cause is reversed and it is rendered that the records now in the custody of the Sheriff and the District Attorney of Medina County, in Cause Nos. 3,572 and 3,573 be deemed public records.

CANTU, Justice, dissenting.

Appellant, Lynn Murphy Creel, an inmate in the Texas Department of Corrections, sought to compel the Sheriff and the District Attorney of Medina County by writ of mandamus to provide him with "all the documents assembled by the [each] Respondents' office in accordance with Sec. 4., 6252–17a V.A.C.S. in connection with the aforesaid offenses." [1]

With regard to the petition against the sheriff, appellant alleged that the Respondent Sheriff had completed the investigation of the offenses which were inactive because the Respondent District Attorney had elected to dismiss the indictment in trial cause 5217. Appellant further alleged that the Respondent Sheriff had been requested by certified mail for the documents

in question on January 16, 1986 but had refused to comply with the request. Mandamus was sought under the provisions of TEX.REV.CIV.STAT.ANN. art. 6252–17a, § 8 (Vernon Supp 1988).

With regard to the respondent District Attorney, appellant alleged that the respondent District Attorney had investigated appellant following an indictment returned against appellant by the January 1982 term Medina County Grand Jury. It was further alleged that the indictment was dismissed at the request of the District Attorney. Appellant further alleged that he had requested the documents from the District Attorney, along with the investigative records of an individual identified as Jay Martinez, by certified mail on January 16, 1986 and that the request had gone unheeded.

Again, mandamus was sought under the provisions of TEX.REV.CIV.STAT.ANN. art. 6252–17a, § 8.

The petitions in both cases which are contained in the record do not bear file marks, but presumably they were received and filed since the orders overruling each petition were signed on December 5, 1986.

Each Respondent answered the petition claiming that the information sought by appellant was excepted from disclosure by article 6252–17a §§ 3(a)(1) and 3(a)(3).

Article 6252–17a, § 7(a) provides:

Sec. 7. (a) If a governmental body receives a written request for information which it considers within one of the exceptions stated in Section 3 of this Act, but there has been no previous determination that it falls within one of the exceptions, the governmental body within a reasonable time, no later than ten days, after receiving a written request must request a decision from the attorney general to determine whether the information is within that exception. If a decision is not so requested, the infor-

---

1. The aforesaid offenses relate to an alleged arrest by the Respondent Sheriff on November 24, 1981 for the offenses of aggravated robbery and kidnapping alleged to have occurred on October 21, 1981 on a Wilson James Smith. In fact the request to the District Attorney included all documents involving the prosecution of appellant by either Medina *or Bexar Counties.*

mation shall be presumed to be public information.

(c) The attorney general shall forthwith render a decision, consistent with standards of due process, to determine whether the requested information is a public record or within one of the above stated exceptions. The specific information requested shall be supplied to the attorney general but shall not be disclosed until a final determination has been made. The attorney general shall issue a written opinion based upon the determination made on the request.

There is no allegation in either petition, nor in either brief, that either Respondent had refused to secure an Attorney General opinion determining exception. Complaint is made, however, that neither Respondent asserted an exception until the petitions seeking mandamus were filed.

Under the provisions of section 7(a) both Respondents were required not later than 10 days from date of request to seek a determination from the Attorney General if they considered the information protected by one of the exceptions in section 3 of the Act, unless there had been a previous determination by the Attorney General that the information requested was protected.

If no decision is requested from the Attorney General, the information is presumed to be public information under the Act, unless a previous decision has determined that the information falls into one of the exceptions. Neither appellee·asserts that an Attorney General's opinion has determined that the information falls under an exception. The presumption therefore arises that the information is public information.

Section 8 of the Act provides:

### Writ of Mandamus

Sec. 8. If a governmental body refuses to request an attorney general's decision as provided in this Act, or to supply public information or information which the attorney general has determined to be a public record, the person requesting the information or the attorney may seek a writ of mandamus compelling the government body to make the information available for public inspection. TEX.REV.CIV.STAT.ANN. art. 6252-17a, § 8 (Vernon Supp.1988).

Upon failure of the appellees to comply with appellant's request for the information and upon appellees' failure to seek a determination of exception, a ministerial duty devolved upon appellees to comply with the request.

Mandamus is the proper remedy to compel action on the part of those who are charged with positive duties by virtue of their official or quasi-official positions. *Boston v. Garrison*, 152 Tex. 253, 256 S.W. 2d 67 (1953).

Mandamus is an extraordinary remedy and issues only where the party has a right to have something done and has no other way of compelling its performance. *Dula v. Bush*, 136 S.W.2d 898 (Tex.Civ.App.— Dallas 1939, no writ). Mandamus will, however, be refused if there is another remedy which is effective and complete. *Gonzales v. Stevens*, 427 S.W.2d 694 (Tex. Civ.App.—Corpus Christi 1968, writ ref'd n.r.e.). Stated otherwise, mandamus will not issue unless it is clearly necessary and the applicant demonstrates a clear right to the relief. *Cobra Oil & Gas Corp. v. Sadler*, 447 S.W.2d 887 (Tex.1968). Moreover, mandamus is not a writ of right but is discretionary with the court. *Callahan v. Giles*, 137 Tex. 571, 155 S.W.2d 793 (1941) and a refusal will not be overturned by the reviewing court unless it is made to appear that the trial court abused its discretion in denying the writ. *Alice National Bank v. Edwards*, 408 S.W.2d 307 (Tex.Civ.App.— Corpus Christi 1966, no writ).

Appellant filed an answer in response to both appellees' responses in which he alleged:

"Realtor (sic) further shows to the Court that Realtor's (sic) request for public disclosure of the records, documents, and for files held by Respondent(s) have been alluded to in open court or disclosed by Respondent(s)'s office to Realtor's (sic) attorneys through various motions, including a Motion for

Discovery and Inspection of Evidence, which are recorded in Cause No. 5217, Medina County District Clerk's office. Realtor (sic) requests the Court to take notice of the Court's docket sheets in Cause No. 5217 in regards to the various motions.

It would appear that by appellant's own admission the very items made the basis of the petitions for writs of mandamus have already been produced for his inspection in his presence and through his attorneys.[2] Under the circumstances, I would not hold that the trial court clearly abused its discretion in refusing to grant the writs of mandamus. The abuse of discretion, if any, is by this Court. I respectfully dissent.

2. I would hold that the request made by the appellant was so broad and general that only he is in a position to know what constitutes "all the documents assembled by the [each] respondent's office ... in connection with the aforesaid offenses." Moreover, contrary to the assertion by the majority that appellant has demonstrated that he has no other remedy at law, the record clearly shows that he did not even allege that he had no other remedy at law. The first and only mention of this prerequisite is in appellant's briefs, and then only in a conclusory manner. One also has to wonder how the majority even got past the "request" by appellant for the documents he now seeks through mandamus. The Act provides that upon a request, the custodian shall promptly produce the information for inspection or duplication in the office of the custodian. TEX.REV.CIV.STAT. ANN. art. 6252–17a, §§ 4, 5(a). Section 9 further provides for cost of reproduction to be borne by the person seeking the information. There is no provision for obtaining copies at no cost. All indications from the records involved are that appellant was in no position to pay for duplication of these documents. He certainly made no tender of offer of payment. In fact appellant has proceeded in forma pauperis throughout these proceedings.