**Lynn Murphy CREEL, Appellant,**

v.

**DISTRICT ATTORNEY FOR MEDINA COUNTY, TEXAS, Appellee.**

**No. 04–90–00314–CV.**

Court of Appeals of Texas, San Antonio.

Feb. 20, 1991.

Lynn Murphy Creel, San Antonio, pro se.

Rogelio F. Munoz, Dist. Atty., Uvalde, for appellee.

Before BUTTS, CHAPA and CARR, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from dismissal of appellant's petition for writ of mandamus.

It is necessary to set out the previous history in this case. Charges arising from the same transaction which resulted in appellant's conviction for capital murder in Bexar County had been filed in Medina County. The Medina County charges against appellant were dismissed after his conviction in the Bexar County. The question whether the records of the dismissed cases then in the possession of the district attorney and sheriff of Medina County were "open records" which were required to be available for inspection or copying by appellant was addressed in an opinion by

this Court. *Creel v. Sheriff of Medina County* and *Creel v. District Attorney for Medina County,* 751 S.W.2d 645 (Tex.App. —San Antonio 1988, no writ) (J. Cantu dissenting). Appellant brought that petition for writ of mandamus under the authority of TEX.REV.CIV.STAT.ANN. art. 6252– 17a (Vernon Supp.1991). Section 8 of the Open Records Act provides that if a governmental body refuses to request an attorney general's opinion [that the material is not subject to disclosure under this Act] or to supply public information, the person requesting the information may seek a writ of mandamus *compelling the governmental body to make the information available for public inspection.* Appellant brought that mandamus action to compel the two officials to make certain records available for inspection or copying. He also requested that he be present at the hearing on the mandamus.

This court held that the records sought in the two dismissed Medina County cases were public records open to inspection and duplication, and the writ of mandamus could be utilized to compel the two officials to make the information available. The appellant then filed his motion for enforcement of judgment. On October 3, 1988, a hearing was conducted by the district court of Medina County to determine whether there had been compliance with the order of this court in *Creel.* The trial court heard evidence from the district attorney, who stated:

> We never did make any effort to keep Mr. Creel from seeing the file, except he's in the penitentiary and he can't come down here and look at the files. We are telling the Court that we have complied and we are willing to comply in every way with the ruling of the Court of Appeals.

The district attorney also stated that the files on Creel's cases were available to his properly identified agent. The trial court made the following finding of fact: Lynn Murphy Creel has been advised that the records in Cause Numbers 3572 and 3573 are public records, and are available for inspection or duplication in the offices of the District Attorney and Sheriff of Medina County, Texas.

Thereafter, appellant filed his appeal from the order of the district court which found that there had been compliance. This court issued its opinion affirming the trial court's order in Nos. 04–88–00612 and 04–88–00613, *Creel v. District Attorney and County Sheriff of Medina County, Texas,* finding there had been compliance and the records were available for inspection or duplication by appellant's designated agent [since he was incarcerated].

■ Appellant now has filed this second petition for mandamus in the district court requesting a copy of a specific instrument (a motion to take hair samples from appellant) in the record of these Medina County cases.

■ Mandamus is governed by equitable principles and is an extraordinary remedy which is not appropriate when other relief would be effective. *Salgo v. Matthews,* 497 S.W.2d 620, 625 (Tex.Civ.App.—Dallas 1973, writ ref'd n.r.e.). The requirement of inadequacy of other remedies as a condition of extraordinary mandatory relief rests on sound policy rather than tradition or technicality. *Id.* Appellant seeks to invoke the remedy of mandamus when he has previously obtained the very relief sought by his first mandamus. The effect of both the published opinion and unpublished opinion, *ante,* is that the records in those cases filed in Medina County, in the possession of the district attorney and the sheriff, are available for inspection and duplication pursuant to the Open Records Act.[1] Under the Act, appellant, who is presently incarcerated, may designate his agent to obtain a copy of any instrument which he requests in those records. It is not necessary to petition for mandamus for each instrument or document requested. The district attorney has previously been ordered to make the records available for inspection or duplication.

---

1. *See* exceptions listed at TEX.REV.CIV.STAT. ANN. art. 6252–17a § 3(a). Subsection (8) specifically excludes certain law enforcement agency records.

The terms of the Open Records Act apply also, however, to limit the duties of the officials. They are not required to furnish free copies. We note further that the Act makes no provision for compelling governmental officials by mandamus action to send a cost list for a copy of a single instrument. The Act does mandate a reasonable cost. We note the amount of fees for copies of records made by the district clerk are set by statute. *See* TEX.GOVT. CODE ANN. § 51.318. These fees are reasonable for the district clerk's duplication services and would be suitable for the same services provided by a governmental agency's office such as the district attorney.

*Austin v. City of San Antonio*, 630 S.W.2d 391 (Tex.App.—San Antonio 1982, writ ref'd n.r.e.) was an appeal, after an evidentiary hearing, from the denial of a petition for writ of mandamus pursuant to the Open Records Act, which was a ruling on the merits. The present case, on the other hand, is not such an appeal. The trial judge declined to hear this second petition for writ of mandamus, dismissing the action. While a mandamus action may be a legal remedy bestowed by section 8 of the Open Records Act, it is still governed by the same principles as any other mandamus action in the district court. Mandamus is governed by equitable principles and is an extraordinary remedy, which is not appropriate when other relief would be effective and complete. *Salgo v. Matthews*, 497 S.W.2d at 625. When appellant in this case filed his second petition for mandamus, he already had his remedy which was full, adequate, and complete.

We hold the trial court was correct in exercising its discretion not to try again the same controversy which had already been determined and for which complaint, by previous mandamus, a remedy had been provided. The record discloses that the objective sought by appellant has been obtained. The purpose of the Open Records Act is to make public records *available for inspection or duplication*. That has been done in this case, and the records are available.

A case becomes moot when it appears that one seeks to obtain a judgment upon some alleged controversy when in reality none exists. *Kolsti v. Guest*, 576 S.W.2d 892, 893 (Tex.Civ.App.—Tyler 1979, no writ); *Swank v. Sharp*, 358 S.W.2d 950, 951 (Tex.Civ.App.—Dallas 1962, no writ) (citations omitted). It is settled law of this State that its courts will not continue to litigate a controversy that has ceased to exist, and the appellate courts will not review judgments if the controversy between the parties has terminated. Such cases are moot. *Kolsti*, 576 S.W.2d at 894. (citations omitted). When a case becomes moot, the only proper judgment is one dismissing the cause. *Id.* (citations omitted). Knowing that the controversy had previously been determined and a remedy provided, and thus refusing to continue to litigate a controversy that no longer existed, the present trial court correctly dismissed this cause as moot.

Since there was no necessity for a "trial" to enable the trial court to make this determination in his discretion, as a matter of law, there was also no reason to give appellant "notice" of a trial setting. The Order of Dismissal includes these words:

> ... said Motion for Mandamus should be dismissed as being moot as respondent [district attorney] has either furnished or made available copies of all documents requested by petitioner.

> ... Motion for Mandamus is in all things dismissed as being moot ...

\* \* \* \* \* \*

Appellant's first point of error is that the order is not supported by any evidence and thus the trial court abused its discretion. The point is without merit, since the trial court in its discretion could decide this as a matter of law, without hearing evidence. In his second point of error appellant urges that the dismissal order should be treated as a default judgment, and that the trial court abused its discretion by denying his motion for new trial. This argument is presented for the first time on appeal and therefore cannot be considered by the appellate court. *See* TEX.R.APP.P. 52. In

addition, a judgment of dismissal is not a judgment on the merits like a default judgment.

In the third point of error appellant alleges that the trial court erred by denying his motion for new trial, which was overruled by operation of law, because notice of the trial setting was not given to him. This argument has been addressed in the discussion above regarding the trial court's discretion not to hear the petition. Under these circumstances there was no necessity for a "trial," a "trial setting," or notice of a "trial setting." The argument is without merit. No abuse of discretion has been shown.

The judgment is affirmed.

CHAPA, Justice, dissenting.

Appellant, Lynn Murphy Creel, appeals a dismissal of his petition for Writ of Mandamus by the trial court. Contending that appellee, the District Attorney for Medina County, Texas, refused to release a certain public record pertinent to the appellant, appellant filed a Writ of Mandamus to force the release of the public record. The Petition for Writ of Mandamus was summarily dismissed by the trial court without a hearing, and this appeal ensued.

The dispositive issue is whether it was a denial of fundamental due process for the trial court to summarily dismiss appellant's cause of action without either a motion or a hearing. Tex.R.App.P. 90(a). The majority would affirm the judgment. I respectfully dissent.

"A fundamental requirement of due process is 'the opportunity to be heard.'" *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965), citing *Grannis v. Ordean*, 234 U.S. 385, 394, 34 S.Ct. 779, 783, 58 L.Ed. 1363 (1914). "It is an opportunity which must be granted at a meaningful time and in a meaningful manner." *Armstrong*, 380 U.S. at 552, 85 S.Ct. at 1191. "The right of a party to be present at a trial and be heard is fundamental, and failure to give adequate notice of a trial setting constitutes lack of due process." *Bloom v. Bloom*, 767 S.W.2d 463, 466 (Tex.App.—San Antonio 1989, writ denied).

In a recent case, the Texas Supreme Court stated that even if proper notice and a hearing was provided a party, if a trial court "... implicated itself in misleading [the party] as to the format for proof, ... the court effectively deprived [the party] of its fundamental due process right to notice and a hearing," and accordingly, the court's order must be vacated. *Union Carbide Corp. Et Al. v. Moye*, 798 S.W.2d 792–793 (Tex.1990). Moreover, the court has long since concluded "... that under the plain wording of Rule 245 [TEX.R. CIV.P.] there must be at least ten days notice to the parties of a setting in a contested suit." *Morris v. Morris*, 554 S.W.2d 792 (Tex.App.—San Antonio 1977, no writ). Thus "[t]he trial court could have fully accorded this right [to be heard] to the petitioner only by granting his motion to set aside the decree and consider the case anew. Only that would have wiped the slate clean." *Armstrong*, 380 U.S. at 552, 85 S.Ct. at 1191.

The record here consists only of the transcript and a notation from the court reporter that no evidence was taken and no statement of facts was available. The transcript clearly indicates that this was a contested suit, and that no notice of the trial setting, ten (10) days or otherwise, was ever given to any of the parties. Further, the court order, dismissing the Petition for Writ of Mandamus, fails to indicate that any notice was given to any party. Moreover, the appellant alleged in his verified affidavit below, which was attached to his motion for new trial, and included in his brief before this court, that he was never given notice of a trial setting. Appellee's brief also fails to challenge appellant's contention that he was never given notice of any setting, which we will accept as correct since it is not in conflict with the record. TEX.R.APP.P. 74(f).

Clearly, the only way the trial judge here could have afforded the petitioner his fundamental right to be heard was to grant a new trial and "wipe the slate clean." *Armstrong*, 380 U.S. at 552, 85 S.Ct. at 1191. The judgment should be reversed and remanded for a new trial.

The majority holds that no hearing was required for the trial court to dismiss appellant's cause of action. I disagree.

"Mandamus is a legal proceeding and although extraordinary, the Rules of Civil Procedure are applicable." *Vondy v. Comm'rs Court of Uvalde County*, 620 S.W.2d 104, 108 (Tex.1981). While mandamus jurisdiction is not used to substitute the discretion of the district court for that of the public officials, original mandamus jurisdiction over county officials is vested in the district court in the exercise of its general supervisory control. *Id.* at 109.

Additionally, the language of the Texas Supreme Court in *Thorne v. Moore*, 101 Tex. 205, 105 S.W. 985, 986 (1907), is particularly instructive to this issue. Concluding that the district court had mandamus power, the Supreme Court approved the following description of the mandamus procedure, and cautioned against abuses by the trial court, stating:

> "The [mandamus] relief sought to be effected through its aid is asked, *as in any other case*, by a petition alleging the facts by virtue of which it is claimed, with a prayer for such judgment as the facts warrant. The defendant is served and required to answer *as in any other suit*, and the case proceeds to trial and judgment *as any other action, and there is no distinguishable difference in principle in the course of proceeding and result attained in it and any other suit in the district court.* When the judgment is rendered by the court, unless superseded or suspended by writ of error or appeal, it is carried into effect by the appropriate writ for this purpose, termed in the statute a 'writ of mandamus,' from analogy, no doubt, drawn from the nature of the matters complained of in the petition to cases in which relief is granted by this writ at common law. Plainly, then, unless we discard principles, and are controlled merely by names, it must be treated and regarded as a judicial writ, based upon and issuing by virtue of, and to carry into effect, a judgment of the district court. And so. it has been in effect by the Supreme Court of the United States."

\* \* \* \* \* \*

> The [mandamus] power lodged with the district judge is not an arbitrary one. He is the same officer that exercises the power when presiding over the court and acts judicially *after a hearing* in the same manner in which the court acts. (Emphasis added.)

*Thorne*, 105 S.W. at 986–987.

Rule 694 simply provides that "[n]o mandamus shall be granted by the district or county court on ex parte hearing, and any peremptory mandamus granted without notice shall be abated on motion." TEX.R. CIV.P. 694. On the other hand, appellate rule 211 provides for a more elaborate process with specific authority given to the appellate courts to deny leave to file the mandamus, and with submission necessary only if leave to file has been granted. TEX.R.APP.P. 211. Obviously, the intention of the legislature was to differentiate between the authority granted to the appellate courts and the lower courts with regards to granting or denying leave to file writs of mandamus. The majority opinion here, would grant the defendant below rights that the law specifically denies the plaintiff. Where rule 694 specifically prohibits the trial court from granting a mandamus without notice, the majority would give the trial court plenary authority to deny the mandamus without notice.

Although the eventual results here may very well be that the matter is moot, I am unable to find any authority in my research, in appellees' brief, or in the majority opinion to justify the procedure adopted by the trial court. The majority, in effect, is condoning the granting of a summary judgment and dismissing the plaintiff's cause of action, without requiring a motion for summary judgment or summary judgment evidence, without setting or having a hearing, and without providing the appellant with notice of the hearing or permitting the appellant an opportunity to respond either in writing or orally.

I would reverse and remand the judgment.