14-14-00216-CV

FILED IN COPY
14th COURT OF APPEALS
HOUSTON, TEXAS

OCT 28 2015

CHRISTOPHER A. PRINE
COURT CLERK

CAUSE NO. 14-CCV-052079

HARVELLA JONES                §      IN THE COUNTY COURT OF
                              §
VS                            §      FORT BEND COUNTY, TEXAS
                              §
THI "NINA" TRAN; JAMES H.     §
LEELAND; MARC D. MARKEL;      §      COURT 2
CLAYTON R. HEARN; AMY M.      §
VANHOOSE, DAWN S. HOLIDAY;§
JONATHAN ANDERSON;            §
CLINTON FAVER BROWN  and      §
ROBERTS MARKEL WEINBERG       §
BUTLER HAILEY PC  aka         §
ROBERTS MARKEL WEIN-          §
BERG PC aka ROBERTS MARKEL    §
PC

**MAILED**
10/24/16

## PLAINTIFF'S NOTICE OF SUBMISSION OF PLAINTIFF'S MOTION FOR PRE-FILE ORDER TO FILE PETITION FOR REVIEW WITH TEXAS SUPREME COURT

**TO:  The Honorable Administrative Judge Susan Lowery**

The attached Plaintiff's Motion for Pre-file Order to File Petition for Review

with Texas Supreme Court has been filed and will be submitted to the court for

consideration without a hearing on the calendar date set by the Administrative

Judge Susan Lowery.  The court will rule on the motion without a hearing unless

you request one. *Tex. R. Jud. Admin. 7(a)(6)(b).*

1   Notice of Submission

Respectfully submitted,

Harvella Jones, PRO SE
POB 1702
Richmond, TX 77406
(281) 690-8793



CAUSE NO. 14-CCV-052079

| | | |
|---|---|---|
| HARVELLA JONES | § | IN THE COUNTY COURT OF |
| | § | |
| vs | § | FORT BEND COUNTY, TEXAS |
| | § | |
| THI "NINA" TRAN; JAMES H. | § | |
| LEELAND; MARC D. MARKEL; | § | COURT 2 |
| CLAYTON R. HEARN; AMY M. | § | |
| VANHOOSE, DAWN S. HOLIDAY; | § | |
| JONATHAN ANDERSON; | § | |
| CLINTON FAVER BROWN and | § | |
| ROBERTS MARKEL WEINBERG | § | |
| BUTLER HAILEY PC aka | § | |
| ROBERTS MARKEL WEIN- | § | |
| BERG PC aka ROBERTS MARKEL | § | |
| PC | | |

## PLAINTIFF'S MOTION FOR PRE-FILE ORDER TO FILE PETITION FOR REVIEW WITH TEXAS SUPREME COURT

**TO THE HONORABLE ADMINISTRATIVE JUDGE SUSAN LOWERY:**

This motion for a pre-file order was filed to comply with the request from Blake Hawthorne with the Texas Supreme Court. Following is the time-line leading to his request in this case:

In February, 2014, a month after I filed my Conspiracy with their Client to Commit Fraud Against a Third Party lawsuit against the defendants, all but three

1

(Tran, Leeland and Jonathan Anderson) filed a motion with the court to declare me a vexatious litigant.

On March 12, 2014, I was declared a vexatious litigant by Judge Jeffrey A. McMeans. I immediately appealed.

On June 23, 2015, the Fourteenth District Court of Appeals affirmed Judge McMeans' decision and denied my subsequent Motion for Reconsideration.

On July 25, 2015, I filed a Petition for Review with the Texas Supreme Court.

In August, 2015, I received a letter from one of two of the Defendants (Tan and Leeland) regarding my Petition for Review stating that they did *"not intend to file a response to the above-referenced petition for review unless the Texas Supreme Court requests one. Respondent requests that the petition be forwarded immediately to the Supreme Court for consideration."* (Refer to Plaintiff's Exhibit 1 attached and incorporated as though fully copied.)

None of the Respondents who filed the vexatious litigate motion submitted a response to my Petition for Review. The other non-filing defendant, Jonathan Anderson, did not file a response either.

On September 8, 2015, I received a letter from the Texas Supreme Court's clerk Blake A. Hawthorne in which he states he could not file my Petition for Review on appeal *"unless"* I received *"approval"* *"for filing the action by the local administrative judge."* He said I was *"subject to a pre-filing order."* (Refer to Plaintiff's Exhibit 2 attached and incorporated as though fully copied.)

On September 8, 2015, I contacted the Administrative Judge James Shoemake regarding obtaining a pre-file order so that my Petition for Review could be filed with the Texas Supreme Court. (Refer to Plaintiff's Exhibit 3 attached and incorporated as though fully copied.)

On September 22, 2015, I sent a follow-up letter to the Administrative Judge James Shoemake. I asked in my letter that if he was *"not the Administrative Judge for Ft. Bend County, please forward my request to the Administrative Judge who has the jurisdiction to sign my order. I am a resident in Ft. Bend County since 2003; therefore, it should be an administrative judge serving this district."* (Refer to Plaintiff's Exhibit 4 attached and incorporated as though fully copied.)

On September 22, 2015, I also sent a response to Blake Hawthorne's letter to make sure he actually meant for me to get a pre-trial order before he filed my Petition for Review with the Texas Supreme Court as per his letter. This was a confirmation letter as we previously talked on the phone regarding his letter.

(Refer to Plaintiff's Exhibit 5 attached and incorporated as though fully copied.) To date, I have not received a response to my letter from Mr. Hawthorne.

Respectfully, I am, therefore, requesting this Motion be set for submission without hearing with the Administrative Judge Susan Lowery in accordance with her/the local rules. I learned on Friday, October 23, 2015, that she is the Administrative Judge for the County Court. Susan who works with Administrative Judge Shoemake promised to call me Friday, October 23, 2015, with an answer regarding my pre-file order as they were not sure what to do with the order and I did not hear from her. Therefore, for the sake of expediency, this order is being submitted to the County Administrative Judge Susan Lowery to get this matter resolved in a timely fashion as the Fourteenth District Court of Appeals did not realize I had timely filed an appeal from their decision with the Texas Supreme Court.

This is a procedural request initiated and required by the Texas Supreme Court as per their clerk, Blake Hawthorne, and not an attempt on my part to relitigate my case in the District Court. I am merely trying to get to the correct Administrative Judge in my district to sign a pre-file order required, according to Blake Hawthorne, in order for me to continue my appeal with the Texas Supreme

4

Court, where I am confident I will get this vexatious litigant matter reversed and remanded back down to the District Court to be removed.

## PRAYER

For these reasons, I pray that the Administrative Judge who is authorized to do so in my district sign my pre-file order so that I may file my Petition for Review with the Texas Supreme Court.

Respectfully submitted,

Harvella Jones, PRO SE
POB 1702
Richmond, TX 77406
(281) 690-8793

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Plaintiff's Motion for Pre-file order to file petition for review with Texas Supreme Court, Notice and Order have been mailed October 26, 2015 to individuals below via the method indicated as follows:

Attorney Dawn S. Holiday via **(Regular US Mail)**
Attorney Frank O. Carroll, III
Attorney Gregg S. Weinberg
Roberts, Markel, PC
2800 Post Oak Blvd. 57th Floor                    AND
Houston, TX 77056


Attorney Thomas M. Pickford (representing Thi "Nina" Tran and James H. Leeland)
Hoover Slovacek, LLP   **(Regular U.S. Mail)**
5847 San Felipe, Suite 2200                    AND

5

Houston, TX 77057

Attorney Jonathan Anderson (**Regular U.S.Mail**)
1627 West Alabama
Houston, Texas 77006          AND

Blake A. Hawthorne (**Regular U.S.Mail**)
Clerk of the Court
Supreme Court of Texas
201 West 14th Street          AND
Austin, Texas 78711

Judge James Shoemake (**Regular U.S.Mail**)
Administrative Judge
434 District Court          AND
Richmond, Texas

Clerk (**Regular U.S.Mail**)          AND
14th District Court of Appeals
301 Fannin, Room 245
Houston, Texas 77002

Office of Court Administration (**Regular U.S.Mail**)
POB 12066
Austin, Texas 78711-2066

Harvella Jones, PRO SE
POB 1702
Richmond, Texas 77406
(281) 690-8793

## CERTIFICATE OF COMPLIANCE

This is to certify that this document is in compliance with TRAP 9.4(i)(3) and contain 870 words and 5,539 characters with spaces (excluding identify of parties and counsel, table of contents, index of authorities, statement of the case, statement of issues presented, proof of service, certificate of compliance, appendix and any other section not required to be a part of this certificate.)

Harvella Jones, PRO SE

6

COPY

CAUSE NO. 14-CCV-052079

| | | |
|---|---|---|
| HARVELLA JONES | § | IN THE COUNTY COURT OF |
| | § | |
| vs | § | FORT BEND COUNTY, TEXAS |
| | § | |
| THI "NINA" TRAN; JAMES H. | § | |
| LEELAND; MARC D. MARKEL; | § | COURT 2 |
| CLAYTON R. HEARN; AMY M. | § | |
| VANHOOSE, DAWN S. HOLIDAY; | § | |
| JONATHAN ANDERSON; | § | |
| CLINTON FAVER BROWN and | § | |
| ROBERTS MARKEL WEINBERG | § | |
| BUTLER HAILEY PC aka | § | |
| ROBERTS MARKEL WEIN- | § | |
| BERG PC aka ROBERTS MARKEL | § | |
| PC | | |

## PLAINTIFF'S PRE-FILE ORDER TO FILE PETITION FOR REVIEW WITH TEXAS SUPREME COURT

After considering Plaintiff's Pre-File Order to File Petition for Review with Texas Supreme Court, the Administrative Judge has determined that the Petitioner, Harvella Jones, is following the information contained in the Texas Supreme Court's Clerk Blake Hawthorne's letter to her in which a pre-file order from an Administrative Judge will enable him to file her Petition for Review .

IT IS, THEREFORE, GRANTED and SO ORDERED that Petitioner Harvella Jones may file her Petition for Review with this Pre-File Order.

_____
Administrative Judge

SIGNED on _____, 2015

PRE-FILE ORDER

**HOOVER SLOVACEK, LLP**
A REGISTERED LIMITED LIABILITY PARTNERSHIP

Thomas M. Pickford
PARTNER

pickford@hooverslovacek.com

ATTORNEYS AT LAW
GALLERIA TOWER II
5051 WESTHEIMER, SUITE 1200
HOUSTON, TEXAS 77056

(713) 977-8686
FAX (713) 977-5395

REPLY TO:
P.O. BOX 4547
HOUSTON, TEXAS 77210-4547

August 7, 2015

***Via efile: and U.S. First Class Mail***

Blake A. Hawthorne, Clerk
Supreme Court of Texas
201 W. 14th, Room 104
Austin, Texas 78701

>    Re:    Supreme Court No. _____; 14-14-00216-CV; Harvella Jones vs. Marc
>    D. Markel; Clayton R. Hearn; Amy M. Vanhoose; Dawn S. Holiday; Clinton Faver
>    Brown and Robert Markel Weinberg Butler Hailey PC a/k/a Roberts Markel
>    Weinberg PC a/k/a Roberts Markel PC a/k/a Roberts Markel Guerry, PC; From the
>    Fourteenth District Court of Appeals of Houston, Texas.

Dear Mr. Hawthorne:

Under Texas Rule of Appellate Procedure 53.3, Respondent, Hoover Slovacek LLP, does not intend to file a response to the above-referenced petition for review unless the Texas Supreme Court requests one. Respondent requests that the petition be forwarded immediately to the Supreme Court for consideration.

Respectfully submitted,

HOOVER SLOVACEK LLP

/s/ Thomas M. Pickford
Thomas M. Pickford
Attorneys for Respondent, Hoover Slovacek
LLP, Thi "Nina" Tran and James H. Leeland

cc:    ***Certified Mail, Return Receipt Requested***
Harvella Jones, Pro Se
P.O. Box 1702
Richmond, Texas 77406

982204-00013 TXP 8/5/2015 00988061.WPD 1

Plaintiff's    EXHIBIT 1

*Certified Mail, Return Receipt Requested*
Gregg S. Weinberg and Dawn S. Holiday
Roberts Markel Weinberg
Butler Hailey PC
2800 Post Oak Blvd., 57th Floor
Houston, Texas 77056

HooverSlovacek LLP
Attorneys at Law
P. O. BOX 4547
HOUSTON, TEXAS 77210

Harvella Jones
Pro Se
P.O. Box 1702
Richmond, Texas 77406

TXP 982204-13



# Supreme Court of Texas

201 West 14th Street    Post Office Box 12248    Austin TX 78711
Telephone: 512/463-1312        Facsimile: 512/463-1365

CLERK BLAKE A. HAWTHORNE

Harvella Jones
P.O. Box 1702
Richmond, Texas 77406

Dear Harvella Jones:

You have been determined to be a vexatious litigant and are subject to a pre-filing order pursuant to Texas Civil Practice and Remedies Code Section 11.101. A clerk may not file an action submitted by a person that has been determined to be a vexatious litigant and who is subject to a pre-filing order unless approval is given for filing the action by the local administrative judge. This prohibition on filing actions includes an appeal. Tex. Civ. Prac. & Rem. Code Section 11.103 (a). An exception is made to allow a court of appeals clerk to file an appeal from a prefiling order entered under Section 11.101. But this exception does not include the Clerk of the Supreme Court of Texas. An order declaring a person a vexatious litigant may also not be reviewed by mandamus at the Supreme Court. *See* Tex. Civ. Prac. & Rem. Code Section 11.102(f). Therefore, I am prohibited by statute from filing the documents you sent to the Supreme Court of Texas.

Sincerely,

Blake A. Hawthorne
Clerk of the Court

Plaintiff's Exhibit 2

# No.

In the
Supreme Court of Texas

Harvella Jones,
    Petitioner,

v.

Marc D. Markel; Clayton R. Hearn; Amy M. Vanhoose; Dawn S. Holiday;
Clinton Faver Brown and Roberts Markel Weinberg Butler Hailey PC aka
Roberts Markel Weinberg PC aka Roberts Markel PC aka Roberts Markel
Guerry, PC
    Respondents

From the Fourteenth District Court of Appeals, Cause No. 14-14-00216-CV,
and the County Civil Court No. 2 for Fort Bend County,
Cause No. 14-CCV-052079, Honorable Jeffrey A. McMeans

## Petition for Review

Harvella Jones
P. O. Box 1702
Richmond, Texas 77406
Telephone: (281) 690-8793
Pro se

The Supreme Court of Texas

POST OFFICE BOX 12248
AUSTIN, TEXAS 78711

OFFICIAL BUSINESS
STATE OF TEXAS
STATE PENALTY
FOR PRIVATE USE

U.S. POSTAGE >> PITNEY BOWES

ZIP 78701 $ 000.48
02 1W
0001396492 AUG 31 2015

Harvella Jones
P.O. Box 1702
Richmond, Texas 77406

77406004302

FILE COPY

Harvella Jones
POB 1702
Richmond, Texas 77406
(281) 690-8793

September 8, 2015

Judge James Shoemake
Administrative Judge
434 District Court
Richmond, Texas

Dear Honorable Judge Shoemake:

Subject:  A pre-file order request for Harvella Jones for the Texas Supreme Court

As per the attached letter from the Texas Supreme Court's Clerk of the Court, Blake A. Hawthorne, I am requesting a pre-file order for my Petition for Review. A copy of which I have also attached to this request, along with a copy of my Affidavit of Indigence.   I am a senior citizen, widow and resident of this community for more than ten (10) years.   I am still in the appellant process.

Thank you

Respectfully submitted,

Harvella Jones, pro se

Attachments

Plaintiff's Exhibit 3

**FILE COPY**

Harvella Jones
POB 1702
Richmond, Texas 77406
(281) 690-8793

September 22, 2015

**Faxed to: 281-633-7655**

Judge James Shoemake
Administrative Judge
434 District Court
Richmond, Texas

Dear Honorable Judge Shoemake:

Subject:  Pre-file Order Requested by Harvella Jones as per the Texas Supreme Court Clerk's Request

This is a follow-up letter to my September 8, 2015 request for a pre-file order as I was instructed by the Texas Supreme Court's Clerk to provide before he would file my Petition for Review.

I am an African-American citizen of the United States, a senior citizen and long-time resident of Texas since 1988, who has been erroneously determined a vexatious litigant.  In order for me to correct this wrong, I must appeal and I have and am currently in appellant mode.  My chances of getting this wrongful vexatious litigant determination overturned in the Texas Supreme Court is high but first I have to have my Petition for Review (Step 1) before the Justices.

I have verified with attorneys at Ross and Mathew, P.C. law firm that while the vexatious litigant determination is "rare", I should comply with the Supreme Court's Clerk's request and obtain a "pre-filing order".  I have attached another copy of this request by Mr. Blake A. Hawthorne, Clerk of the Court. (Exhibit 1) and underlined in that letter where he has indicated *"unless approval is given for filing the action by the local administrative judge."*

Plaintiff's Exhibit 4

If you are not the Administrative Judge for Ft. Bend County, please forward my request to the Administrative Judge who has the jurisdiction to sign my order. I am a resident in Ft. Bend County since 2003; therefore, it should be an administrative judge serving this district.

Thank you in advance for your help in this matter.

Respectfully submitted

Harvella Jones, pro se

/j
Attachments

cc: Ross and Matthews, PC
3650 Lovell Avenue
Fort Worth, Texas 76107
#10068033017
.972-730-0251
817-255-2090

2

FILE COPY

Harvella Jones
·· POB 1702
Richmond, Texas 77406
(281) 690-8793

September 22, 2015

Blake A. Hawthorne
Clerk of the Court
Supreme Court of Texas
POB 12248
Austin, Texas 78711

Subject: Pre-file Order Request submitted to Harvella Jones

As per your attached letter to me regarding my Petition to Review to the Supreme
·Court Justices regarding the reversal of an erroneous vexatious litigant claim
against me, I am in the process of obtaining a pre-file order. However, the
Administrative Judge in my county (Ft. Bend) is stymied as to what to do about
this as he has never been required to sign a pre-file order for someone still in
appeal.

Frankly, I agree with him as I have never heard of such a requirement for a litigant
that is "still" in appellant mode. I am not filing a new lawsuit in trial court "after"
being determined a vexatious litigant that has matured. I am still fighting this
vexatious litigant label that has been placed on me erroneously and there is no law
that states a litigant cannot fight a vexatious litigant labeling immediately after it
having been placed on them via the appellant process which includes filing
documents with the Texas Supreme Court.

I have searched the case laws and could not find one that agreed with your position
and requirement of me. Let the record reflect that I am an African-American,
senior citizen, and have lived in Ft. Bend County since 2003 and in the state of
Texas since 1988.


Plaintiff's Exhibit 5

1

I have attached a case law (*Johnson vs. Sloan, #08-09-00077-CV, El Paso, 2010*) that indicates "a local administrative judge may grant a vexatious litigant permission to *file suit*......" There is no law that supports your position in your attached letter to me marked exhibit 1 that states I must file a pre-file order *to continue my appeal in the Supreme Court.* I am filing a Petition for Review not a new lawsuit. My Petition for Review refers to the errors made in law by the Fourteenth District Court of Appeals and is part of my appellant process and there is absolutely no language in Chapter 11 of the Texas Civil Practice & Remedies Code Section that states I have to get a "pre-file order" while I am still in the appellant process. I am timely appealing that erroneous decision so that I would not be determined to be a vexatious litigant permanently.

Respectfully submitted

Harvella Jones, pro se

/j
Attachment

cc: Ross and Matthews, PC
3650 Lovell Avenue
Fort Worth, Texas 76107
#10068033017
972-730-0251
817-255-2090

2



# Supreme Court of Texas

201 West 14th Street   Post Office Box 12248   Austin TX 78711
Telephone: 512/463-1312       Facsimile: 512/463-1365

**CLERK BLAKE A. HAWTHORNE**

Harvella Jones
P.O. Box 1702
Richmond, Texas 77406

Dear Harvella Jones:

You have been determined to be a vexatious litigant and are subject to a pre-filing order pursuant to Texas Civil Practice and Remedies Code Section 11.101. A clerk may not file an action submitted by a person that has been determined to be a vexatious litigant and who is subject to a pre-filing order unless approval is given for filing the action by the local administrative judge. This prohibition on filing actions includes an appeal. Tex. Civ. Prac. & Rem. Code Section 11.103 (a). An exception is made to allow a court of appeals clerk to file an appeal from a prefiling order entered under Section 11.101. But this exception does not include the Clerk of the Supreme Court of Texas. An order declaring a person a vexatious litigant may also not be reviewed by mandamus at the Supreme Court. *See* Tex. Civ. Prac. & Rem. Code Section 11.102(f). Therefore, I am prohibited by statute from filing the documents you sent to the Supreme Court of Texas.

Sincerely,

Blake A. Hawthorne
Clerk of the Court

EXHIBIT 1



Print                              Font size:    A   Reset

## Court of Appeals of Texas, El Paso.

## R. Wayne JOHNSON, Appellant, v. Paul SLOAN, Janet Sells, Kenneth Holt, Robbie Stone, Kendall Rickerson, V.L. Brisher, and Deanna Davis, Appellees.

## No. 08-09-00077-CV.

## Decided: March 24, 2010

Before McCLURE, J., RIVERA, J., and SALAS-MENDOZA, Judge. Rwayne Johnson, for R. Wayne Johnson. Deanna Davis, pro se.

OPINION

R. Wayne Johnson, pro se, appeals from an order dismissing his lawsuit against Paul Sloan, Janet Sells, Kenneth Holt, Robbie Stone, Kendall Rickerson, V.L. Brisher, and Deanna Davis. We affirm.

FACTUAL SUMMARY

Johnson is an inmate in the Texas Department of Criminal Justice-Institutional Division. He filed suit against Appellees alleging they had violated his First, Fifth, and Fourteenth Amendment rights by returning his mail to him and not properly processing his grievances. Appellees filed notice with the trial court that Johnson is precluded from filing the lawsuit because he has previously been declared a vexatious litigant under Chapter 11 of the Texas Civil Practice and Remedies Code and he has not obtained permission to file suit from a local administrative judge. Following a hearing, the court dismissed Johnson's suit pursuant to Section 11.103(b).

MANDAMUS

Johnson raises four issues regarding our denial of his mandamus petition. See In re R. Wayne Johnson, No. 08-08-00354-CR, 2009 WL 222374 (Tex.App.-El Paso Jan.29, 2009, orig. proceeding)(not designated

for publication). In this direct appeal from the trial court's dismissal order, we are unable to reconsider our ruling on the mandamus petition even if we were inclined to do so. We overrule Issues One, Twelve, Thirteen, and Fourteen.

## AUTHORITY OF ATTORNEY GENERAL

In Issue Two, Johnson maintains that the dismissal order is void because the attorney general is not authorized to answer the suit on behalf of Appellees. In Issues Three through Nine, he complains that the original order finding him to be a vexatious litigant is void for the same reason, and therefore, the dismissal order is void because it is based on a void order. He directs us Section 402.021 of the Texas Government Code in support of his arguments. Section 402.021 provides that "[t]he attorney general shall prosecute and defend all actions in which the state is interested before the supreme court and courts of appeals." Tex. Gov't Code Ann. § 402.021 (Vernon 2005). Since Section 402.021 does not mention district courts, Johnson reasons that the attorney general is not authorized to appear in district courts. Other than his reference to Section 402.021, Johnson does not provide any authority for his argument that a judgment or order is rendered void if an attorney appearing in the case was not authorized to represent one or more of the parties. Johnson has waived his arguments by failing to adequately brief them. See Tex.R.App.P. 38.1(i)(requiring brief to contain appropriate citations to authority); Myrick v. Enron Oil and Gas Co., 296 S.W.3d 724, 729 (Tex.App.-El Paso 2009, no pet. h.).₁ We overrule Issues Two through Nine.

## DENIAL OF DUE PROCESS

In Issue Ten and Eleven, Johnson contends that a summary dismissal violates due process. He cites Creel v. District Attorney for Medina County, Texas, 818 S.W.2d 45 (Tex.1991) for this proposition. In Creel, the petitioner filed a petition for writ of mandamus in the trial court to compel the Medina County District Attorney to release a copy of a public document pursuant to the Open Records Act. The trial court sua sponte dismissed Creel's petition and the court of appeals affirmed. Creel v. District Attorney for Medina County, Texas, 804 S.W.2d 628 (1991). The Texas Supreme Court reversed, holding that Creel was denied due process of law because his mandamus petition was denied without notice or a hearing. Creel, 818 S.W.2d at 46. The instant case is distinguishable because the record does not reflect that Johnson was denied due process.

The Office of Court Administration is required to maintain a list of vexatious litigants subject to prefiling orders under Section 11.101. Tex.Civ.Prac. & .Rem.Code Ann. § 11.104(b)(Vernon 2002). That list reflects that Johnson was found to be a vexatious litigant on June 14, 2001 in Cause Number B-01-1159-0-CV-B by the 156th District Court of Bee County, Texas. Thus, Johnson was required to obtain permission of a local administrative judge to file suit. See Tex.Civ.Prac. & Rem.Code Ann. § 11.102(a). He is obviously aware of this requirement. See e.g., In re R. Wayne Johnson, No. 07-09-0035-CV, 2009 WL 2632800 (Tex.App.-Amarillo Aug.27, 2009, orig. proceeding); In re R. Wayne Johnson, No. 07-07-0431-CV, 2009 WL 2225844 (Tex.App.-Amarillo 2009 July 27, 2009, orig. proceeding); In re R. Wayne Johnson, No. 07-07-0245-CV, 2008 WL 2681314 (Tex.App.-Amarillo 2008 July 9, 2008, orig. proceeding).

A local administrative judge may grant a vexatious litigant permission to file suit only if it appears to the judge that the litigation has merit and has not been filed for the purposes of harassment or delay. Tex.Civ.Prac. & Rem.Code Ann. § 11.102(a). Section 11.103 prohibits a clerk of a court from filing litigation presented by a vexatious litigant subject to a prefiling order. Tex.Civ.Prac. & Rem.Code Ann. § 11.103(a). But if the clerk mistakenly files pleadings without an order from the local administrative judge, any party may file with the clerk and serve on the plaintiff and the other parties to the suit a notice stating that the

plaintiff is a vexatious litigant subject to a prefiling order under Section 11.101. Tex.Civ.Prac. & Rem.Code Ann. § 11.103(b). Upon the filing of the notice, the court is required to dismiss the suit unless the plaintiff, within ten days after the notice is filed, obtains an order from the local administrative permitting the filing of the litigation. Tex.Civ.Prac. & Rem.Code Ann. § 11.103(b).

The notice filed by the attorney general on April 28, 2008 includes a certificate of service stating that a copy of the notice was served on Johnson by certified mail. Johnson does not contend he did not receive the notice. To avoid dismissal, Johnson only had to obtain permission of a local administrative judge to file the suit and file a copy of the order with the trial court. The record does not reflect that Johnson obtained permission or even attempted to obtain permission. Although the statute provides that the suit can be dismissed with ten days of the filing of the notice, the trial court did not dismiss Johnson's suit until February 4, 2009. Under these circumstances, we conclude that Johnson has not been denied due process. We overrule Issues Ten and Eleven and affirm the dismissal order.

ANN CRAWFORD McCLURE, Justice.

SALAS-MENDOZA, Judge, sitting by assignment.

U.S. POSTAGE
PAID
ROSENBERG, TX
77471
OCT 26, 15
AMOUNT
$1.86
00132107-04

1000          77002

UNITED STATES
POSTAL SERVICE.

Richmond, TX 77406

Clerk
14Th District Court of Appeals
301 Fannin, Room 245
Houston, Texas 77002